(March 31, 1964)

■ JOSEPH E. PERNET, Respondent, v. PEABODY ENGINEERING CORPORATION, Appellant.

MEMORANDUM BY THE COURT. The motion, made pursuant to rule 3211 (subd. [a], par. 7) of the Civil Practice Law and Rules, was addressed solely to the sufficiency of the complaint insofar as it purports to state a cause of action to recover damages in connection with the termination of the plaintiff's employment by Power Bilt Corporation (herein referred to as "Power Bilt 2nd"). Special Term held that the complaint sufficiently stated a cause of action on theory of breach of defendant's obligation to act in good faith and do nothing that would destroy one of the considerations underlying all of the agreements between the parties. We agree that, under the doctrine of liberal construction to be afforded pleadings under the Civil Practice Law and Rules, this complaint does state a sustainable cause of action on such theory. The pleading adequately sets forth the agreements between the parties, including an agreement whereby Power Bilt 2nd, a wholly owned subsidiary of defendant, was to employ plaintiff for a period of five years at a stated salary plus commissions, and the defendant's agreement to guarantee the payment to plaintiff of the amounts provided for under the terms of the said employment; and that plaintiff has duly performed the terms of the employment agreement on his part. It is further alleged that "defendant broke and violated the agreements" and failed to perform the same in that "(b) the defendant by its negligence, abandonment, willful and careless mismanagement, by its omissions and commissions, terminated and caused to be terminated the business of 'Power Bilt 2nd', terminated and caused to be terminated the employment of the plaintiff and caused the cessation of all benefits due and payable to the plaintiff under the terms of the aforesaid employment agreement, [and] (c) the defendant failed, neglected and refused to use its best efforts or reasonable care in the control, management and operation of the affairs of 'Power Bilt 2nd' and wilfully, negligently and carelessly acted in violation of the plaintiff's rights and contrary to the intent and meaning of the agreements among the parties." Since the plaintiff has duly pleaded the agreements between the parties, due performance on plaintiff's part, the acts and conduct on the part of the defendant claimed to constitute a breach of the agreements, and plaintiff's general

damage alleged to have been occasioned by the breach, we conclude that the complaint here is "sufficiently particular" in its statement of facts to give "notice" of the "transactions or occurrences" intended to be litigated and the "material elements" of plaintiff's cause of action. (See CPLR 3013; *Foley* v. *D'Agostino*, 21 A D 2d 60.) The vagueness or conclusory nature of certain of its allegations are not such as to render this particular complaint insufficient (see *Foley* v. *D'Agostino, supra*); and further particularity as to plaintiff's alleged cause of action may be obtained by a demand for a bill of particulars or by means of disclosure proceedings. The defendant contends that the termination of plaintiff's employment was due to the insolvency and bankruptcy of Power Bilt 2nd and that, under the terms of an agreement between the parties, a copy of which is annexed to the moving papers, the defendant's guarantee was to be effective only in the event that the business of Power Bilt 2nd was terminated or was caused by defendant to be terminated "while in a solvent condition". It is to be noted, however, that the defendant's motion is limited expressly to an attack upon the sufficiency of the pleading as such and that we are not here concerned with the merits of the alleged cause of action. If, as alleged in the complaint, the termination of the business of Power Bilt 2nd and the termination of plaintiff's employment were in fact brought about by defendant's acts in disregard of the intent and meaning of the agreement between the parties, the plaintiff may recover. Implicit in the agreements between the parties, as is generally the case in all contracts, there existed an implied covenant of good faith and fair dealing. "It is implied that neither party will do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." (See 10 N. Y. Jur., Contracts, § 203 and cases cited.) Whether or not the acts of the defendant here were in such bad faith or in such willful or negligent disregard of the rights of the plaintiff as to constitute a breach of this implied covenant will depend upon the facts which may be presented to the court on a motion for summary judgment or on the trial and is not properly to be determined at this time. It is true that if, as apparently contended by defendant, the insolvency of Power Bilt 2nd occurred in the ordinary course of the management of its business, then there would be no liability on the part of the defendant for breach of the implied covenant. On the other hand, if the bankruptcy or other termination of the affairs of Power Bilt 2nd was brought about by defendant with intent to deprive plaintiff of its rights under the agreements to which defendant was a party; or, if the same was brought about by conduct of the defendant in such reckless or neglectful disregard of plaintiff's contract rights as to justify an inference of bad faith; then, the defendant would be liable to plaintiff for breach of contract. Generally, in every case, the question would be one of fact. (See 10 N. Y. Jur., Contracts, § 203; 3 Corbin, Contracts, §§ 570, 571; *Tuttle* v. *Grant Co.*, 6 N Y 2d 754; *Kirke La Shelle Co.* v. *Armstrong Co.*, 263 N. Y. 79; *Genet* v. *President, etc. Del. & Hud. Canal Co.*, 136 N. Y. 593; *Mason* v. *Standard Distilling & Distr. Co.*, 85 App. Div. 520; *Goldberg 168-05 Corp.* v. *Levy*, 170 Misc. 292; *Wessel* v. *Crosse & Blackwell*, 152 Misc. 814; *Biel* v. *Crosse & Blackwell*, 147 Misc. 718; *Columbus Trust Co.* v. *Moshier*, 51 Misc. 270, affd. 121 App. Div. 906, affd. 193 N. Y. 660.)

STEUER, J. (dissenting). The appeal is from an order denying a motion to dismiss the complaint. The complaint alleges that the plaintiff sold his business to Power Bilt Corporation, a subsidiary of defendant, and then entered into a contract of employment with Power Bilt. Defendant guaranteed payment of notes which were a part of the purchase price, and also

guaranteed payment of the salary provided for in the contract. As regards the latter guarantee, it appears that it was limited and only applied when Power Bilt, while solvent, changed its location or terminated its business by dissolution, merger, sale of stock or the like, or is caused to do so by defendant. Power Bilt during the term of the contract filed a petition in bankruptcy and was adjudicated a bankrupt. The complaint further alleges that defendant failed to use its best efforts in the management and control of Power Bilt. Although there is but one cause of action, it would appear that plaintiff is suing both for a breach of the contract of guarantee and for a negligent injury to his property rights.

There can be very little dispute but that the complaint does not allege any breach of the terms of the contract. Nor can there be any question that defendant did not owe plaintiff any duty to exercise control over Power Bilt's management or affairs, nor to use care in whatever control it might have exercised. So on neither theory is a cause of action stated.

As I understand the majority's position, it is based on the proposition that on the facts plaintiff might have stated a cause of action. If the defendant in fact so operated the affairs of Power Bilt as to bring about its insolvency and did this for the purpose of avoiding and rendering nugatory plaintiff's contract with Power Bilt, this would be a cause of action. While it is indisputable that both the sense and spirit of the Civil Practice Law and Rules mandate an attention to the sense and proper intendment of a pleading rather than its precise wording, to the end that, if it advises the court of what the plaintiff is seeking and the opposing party of what he will have to meet, it suffices (*Foley* v. *D'Agostino*, 21 A D 2d 60), it is submitted that this complaint meets neither test. The facts that plaintiff would have to prove are far more onerous than what he has alleged, or what he may know can be established.

When the plaintiff goes to trial he can expect that if he proves his allegations he will be entitled to a verdict. And the trial court will perforce be required to so rule. Is anything gained by setting the record straight at that stage of the proceedings rather than at the outset? It is undoubtedly good to discourage time-consuming and technical motions addressed to pleadings, but not at the expense of either substantive rights or when the form of the pleading attacked will inevitably result in more burdensome applications to the court at a later stage of the proceedings.

I would vote to reverse the order, and dismiss the complaint with leave to plead over if so advised.

Botein, P. J., Breitel, Valente and Eager, JJ., concur in Memorandum by the court; Steuer, J., dissents and votes to reverse, in opinion.

Order, entered on November 14, 1963, affirmed, with $20 costs and disbursements to the respondent.