■ ALLISON C. COLLARD et al., Respondents, v INCORPORATED VILLAGE OF FLOWER HILL, Appellant.—In an action, *inter alia,* to declare that the defendant's action pursuant to a "Declaration of Covenants" is arbitrary and capricious and that plaintiffs may erect a building on their property in accordance with the defendant's zoning ordinance, defendant appeals from an order of the Supreme Court, Nassau County, dated September 12, 1979, which denied its motion pursuant to CPLR 3211 (subd [a], par 7) to dismiss the complaint for failure to state a cause of action. Order reversed, on the law, with $50 costs and disbursements, motion granted and complaint dismissed. Plaintiffs are owners of improved property in the Incorporated Village of Flower Hill. In 1976 plaintiffs' predecessor in title applied to the village board of trustees to rezone the property, then in a general municipal and public purposes district, to a business district. The board of trustees granted the change of zone and, in conjunction therewith, plaintiffs' predecessor in title entered into a declaration of covenants running with the land. These covenants, duly recorded, provided, *inter alia,* that no extension or alteration of the existing structure situated on the subject property would be permitted without the prior consent of defendant's board of trustees. Plaintiffs, after acquiring title, applied late in 1978 to the board of trustees for its approval of an enlargement and extension of the existing structure. After a public meeting held on December 4, 1978, the board denied the application. This action was then commenced, *inter alia,* to declare the board's action to be arbitrary, capricious and unreasonable, and to direct the issuance of the necessary building permits. Defendant moved at Special Term to dismiss the complaint for failure to state a cause of action. Special Term denied the motion holding that underlying the declaration of covenants, as it underlies all written agreements, is the obligation to use good faith in carrying out its provisions. Special Term equated plaintiffs' allegations that the action of the board was arbitrary, capricious and unreasonable under the circumstances with an allegation that such action was lacking in good faith and fair dealing. A board of trustees, in enacting a change of zone, can impose binding conditions on the property rezoned (see *Church v Town of Islip,* 8 NY2d 254). Plaintiffs do not challenge the validity of such "conditional zoning" as applied to their property or the validity of the restrictive covenant. Plaintiffs urge, however, that, strictly as a matter of contract law, where they have agreed not to alter, extend, rebuild, renovate or enlarge an improvement on real property without the prior approval of the village board of trustees, the board may not withhold such approval unreasonably. A municipality engaging in conditional zoning is bound by the covenants entered into separately and distinctly from the zoning ordinance *(Matter of Flushing Prop. Owners Assn. v Planning Comm. of City of N. Y.,* 43 AD2d 515, mot for lv to app den 33 NY2d 520). Also, there is implied in all contracts, including the declaration of covenants at bar, a covenant of fair dealing and good faith *(Van Valkenburgh, Nooger & Neville*

*v Hayden Pub. Co.,* 30 NY2d 34, cert den 409 US 875). We disagree, however, with Special Term in our interpretation of the implied covenant of fair dealing and good faith. The covenant is breached only where one party to a contract seeks to prevent its performance by, or to withhold its benefits from, the other (see *Grad v Roberts,* 14 NY2d 70; *Pernet v Peabody Eng. Corp.,* 20 AD2d 781; *Rush v Rush,* 19 AD2d 846). While mindful that pleadings must be liberally construed (CPLR 3026), we find plaintiffs' allegation that the board of trustees, in denying their application, acted arbitrarily and capriciously is not equivalent to an allegation that the board breached the implied covenant of fair dealing and good faith by depriving plaintiffs of any benefits to which they were entitled under the declaration of covenants. The complaint, therefore, must be dismissed. Rabin, J. P., Margett, Martuscello and Weinstein, JJ., concur.