**Gerard Colby ZILG, Plaintiff,**

v.

**PRENTICE–HALL, INC. and E. I. duPont de Nemours & Company, Inc., Defendants.**

**No. 78 Civ. 0130–CLB.**

United States District Court, S. D. New York.

June 9, 1981.

DePetris & Stewart, New York City, for plaintiff; Ronald DePetris, New York City, of counsel.

John Koshel, New York City, for Prentice-Hall.

Townley & Updike, John R. Schoemer, Jr., Neil J. Rosini, New York City, for duPont.

## MEMORANDUM AND ORDER

BRIEANT, District Judge.

Plaintiff, the author of *duPont: Beyond the Nylon Curtain* (the "Book"), commenced this action against his publisher, Prentice-Hall, Inc. and against E. I. duPont de Nemours & Co., Inc. ("duPont") alleging as against Prentice-Hall that it failed to meet its contractual obligations as a publisher to promote his Book in good faith. Mr. Zilg contends that the co-defendant, duPont interfered with this contract, and another contract pertaining to the subsidiary rights to his Book, entered into by Prentice-Hall with the Fortune Book Club. Plaintiff contends that after learning of duPont's claims of untruthfulness and objections to the form and content of the Book, Prentice-Hall ("PH"), as a result thereof, altered its advertising and promotion plans for the Book to the author's detriment.

Specifically, plaintiff alleged:

(1) PH cut the first printing of the Book from 15,000 to 10,000 copies;

(2) PH reduced the advertising budget (however firm or tentative it may have been) by almost ⅔rds;

(3) PH did not publicize the duPont effort to suppress the book or cooperate with the author in this regard;

(4) Despite the clear adverse effect on the book, PH did not bring suit or otherwise pursue potential legal action against duPont or [Fortune Book Club];

(5) PH's conduct almost blocked [plaintiff's] efforts with respect to serialization of the book in the Delaware State News, and PH failed to make effective use of the serialization to promote advance sales;

(6) PH failed to keep sufficient books in stock to meet demand for the book; and

(7) PH failed to inform [plaintiff] of numerous material matters relating to publication and promotion of the book. Affidavit of Gerard Colby Zilg, sworn to May 5, 1981, at 11–12. By motion argued on May 20, 1981, defendant Prentice-Hall moved for summary judgment.

The publishing agreement entered into on June 23, 1972 between the plaintiff author and publisher Prentice-Hall provided, *inter alia*, that:

"1. The Author grants to the Publisher the exclusive right to publish in the English language in book form in the United States of America, its territories and possessions, Canada, and the Republic of the Philippines an unpublished work tentatively entitled DU PONT: Behind the Nylon Curtain and also the exclusive subsidiary rights listed in paragraph 5 below during the full term of copyright and all renewals or extensions thereof.

\* \* \* \* \* \*

4. When the manuscript has been accepted and approved for publication by the Publisher and is ready for publication, it will be published at the Publisher's own expense. The Publisher will pay the Author royalites from its sale of the published work, said royalties to be computed and shown separately, as follows: [Royalty Schedule omitted].

\* \* \* \* \* \*

12. The Publisher shall have the right: (1) to publish the work in such style as it deems best suited to the sale of the work; (2) to fix or alter the prices at which the work shall be sold; (3) *to determine the method and means of advertising, publicizing, and selling the work, the number and destination of free copies, and all other publishing details, including the number of copies to be printed,* if from plates or type or by other process, date of publishing, form, style, size, type, paper to be used, and like details." (Emphasis added).

1. Paragraph 19 of the contract provided that it would be "construed and interpreted" according to New York law.

The first issue raised by defendant in its summary judgment motion is whether Prentice-Hall had any obligation to act in good faith in determining how to promote the plaintiff's Book. The parties recognize that under the applicable New York law,[1] every contract contains an implied covenant of good faith performance and fair dealing. As the New York Court of Appeals recognized in *Van Valkenburgh, Nooger & Neville, Inc. v. Hayden Publishing Co.*, 30 N.Y.2d 34, 330 N.Y.S.2d 329, 281 N.E.2d 142, *cert. denied* 409 U.S. 875, 93 S.Ct. 125, 34 L.Ed.2d 128 (1972). "There is implicit in all contracts—for book publishing or house building—an implied covenant of fair dealing and good faith [citations omitted]." 30 N.Y.2d at 45, 330 N.Y.S.2d 329, 281 N.E.2d 142.

Prentice-Hall contends, however, that the contractual provision which grants it the right to determine how the book will be promoted (¶ 12), bars recovery by the plaintiff on the basis that the defendant failed to promote the Book in good faith. Defendant relies on the general proposition that a court will not imply a contract term when the contract itself contains an express term dealing with the subject, *see, e. g., Burr v. Stenton*, 43 N.Y. 462 (1871) and *V.T.R. Inc. v. Goodyear Tire & Rubber Co.*, 303 F.Supp. 773 (S.D.N.Y.1969). In *V.T.R.*, the court concluded that "[a]s to acts and conduct authorized by the express provisions of the contract, no covenant of good faith and fair dealing can be implied which forbids such acts and conduct." 303 F.Supp. at 778.

The implication of a requirement that the publisher make its determination as to all publishing details in good faith does not conflict with any express provision of the publishing contract other than arguably ¶ 12 which gives it the "right to determine" those details. Requiring the publisher to exercise its discretion in good faith would not deprive it of any bargained for benefits under the contract. In *Contempo-*

*rary Mission, Inc. v. Famous Music Corp.*, 557 F.2d 918 (2d Cir. 1977), the Court of Appeals considered a similar contract provision which provided that the defendant would be relieved of its obligation to promote the plaintiff's recordings "if, as and when, in the sole option of [defendant], such promotion should cease to be effective and profitable." The Court concluded that under New York law, any determination of effectiveness or profitability of promotion would have to be made in good faith. 557 F.2d at 923, n.8. This Court concludes that the defendant in this case was likewise required to exercise its discretion in good faith in planning its promotion of the Book, and in revising its plans.

The remaining issue is whether defendant is entitled to summary judgment on the basis that it fulfilled its good faith obligations under the contract. The plaintiff author granted the publisher the exclusive right to publish his Book. If the contract had been entirely silent on the duty of the publisher to promote the Book, defendant would have been obligated to use its reasonable efforts to promote the sale of the Book. *Wood v. Lucy, Lady Duff-Gordon*, 222 N.Y. 88, 118 N.E. 214 (1917). Paragraph 12 of the contract gave Prentice-Hall the right to determine the publishing details, including how the Book should be promoted. The requirement that defendant exercise this discretion in good faith could not, of course, obligate it to expend more than fair and reasonable efforts to promote the author's Book.

■ All that this contract requires is that the publisher make its determination in good faith, and accordingly Prentice-Hall would not breach the contract if the relevant decisions it made were guided by any legitimate business purpose. It would violate its contractual duty if it provided less than reasonable efforts to promote the Book and did so in order to deprive the plaintiff of the benefits he would otherwise have received under the contract. *See, Collard v. Incorporated Village of Flower Hill*, 75 A.D.2d 631, 427 N.Y.S.2d 301 (2d Dept. 1980); *Pernet v. Peabody Engr. Corp.*, 20 A.D.2d 781, 248 N.Y.S.2d 132 (1st Dept. 1964)

■ Generally, whether a party to a contract has failed to act in good faith will be a question of fact (*Pernet v. Peabody Engr. Corp.*, 20 A.D.2d 781, 248 N.Y.S.2d at 135 and cases cited therein), not to be resolved by motion unless viewing the evidence most favorably to the nonmoving party no reasonable trier of the fact could find otherwise.

Defendant has submitted voluminous affidavits to the Court setting forth in detail the activities it undertook to promote plaintiff's Book. It has also offered its explanations for the changes in the promotion plans and its claimed omissions following the protest of duPont about the Book's content, which plaintiff contends demonstrate bad faith.

■ The burden plaintiff must meet here to prove that the defendant failed to act in good faith is substantial. However, intent can rarely be established by direct evidence, and must often be proved circumstantially and by inference. Intent is therefore peculiarly inappropriate to be decided on a motion for summary judgment. *See, e. g., Sterling National Bank & Trust Co. of N. Y. v. Fidelity Mortgage Investors*, 510 F.2d 870, 875 (2d Cir. 1975); *Empire Electronics Co. v. United States*, 311 F.2d 175, 180 (2d Cir. 1962); *Weight Watchers of Quebec Ltd. v. Weight Watchers International Inc.*, 398 F.Supp. 1047, 1056 (E.D.N.Y. 1975). As a matter of discretion this Court concludes that plaintiff's claims against Prentice-Hall should be resolved on a plenary trial record, and that it would be inappropriate to grant summary judgment under all the relevant circumstances here present. *See, Kennedy v. Silas Mason Co.*, 334 U.S. 249, 256–57, 68 S.Ct. 1031, 1034, 92 L.Ed. 1347 (1948); *Petition of Bloomfield Steamship Co.*, 298 F.Supp. 1239, 1242 (S.D. N.Y.1969), *aff'd.* 422 F.2d 728 (2d Cir. 1970).

Motion for summary judgment by defendant Prentice-Hall is denied. A conference to set a trial date will be held on September 9, 1981 at 9:30 A.M. in Court-

room 705. Counsel are alerted to be ready for trial shortly thereafter, depending on the then status of criminal cases or preferred civil cases.

So Ordered.