759 F.2d 205
 Allison C. COLLARD and Julia A. Collard, Plaintiffs-Appellants,
v.
The INCORPORATED VILLAGE OF FLOWER HILL, the Board of
Trustees; William R. Howe, Building Inspector; Herbert
Ash; Thomas J. Walsh, Robert S. Caine, Alfred E. Runge, and
the Zoning Board of Appeals of the Incorporated Village of
Flower Hill, and John M. Farrell, Esq., Village Attorney,
Defendants-Appellees.
 No. 861, Docket 84-7996.
 United States Court of Appeals,
Second Circuit.
 Argued March 21, 1985.
Decided March 26, 1985.
 
 Joseph P. Hoey, Mineola, N.Y. (Suozzi, English & Klein, P.C., Mineola, N.Y., Lois Carter Schlissel, Kenneth L. Gartner, Mineola, N.Y., of counsel), for appellees.
 Joseph R. McPhee, Roslyn, N.Y. (Collard, Roe & Galgano, P.C., Roslyn, N.Y., Thomas M. Galgano, Allison C. Collard, Rosyln, N.Y., of counsel), for appellants.
 Before KAUFMAN and MESKILL, Circuit Judges, and MacMAHON,* District Judge.
 PER CURIAM:
 
 
 1
 Appellants are owners in fee of a parcel of real property located in the Incorporated Village of Flower Hill, New York. Their predecessor in title had executed and recorded a convenant, which provided that no building situated on the property would be enlarged without the prior consent of the Board of Trustees of the Village. In 1978, appellants petitioned the Board for its consent to enlarge the existing structure. When the petition was denied, they brought an Article 78 proceeding against the Village in New York State Supreme Court. The complaint was dismissed by order of the Appellate Division, see Collard v. Incorporated Village of Flower Hill, 75 A.D.2d 631, 427 N.Y.S.2d 301 (1980). The New York Court of Appeals affirmed, see 52 N.Y.2d 594, 439 N.Y.S.2d 326, 421 N.E.2d 818 (1981).
 
 
 2
 Having failed in their attempt to enlarge the existing structure, appellants next sought to erect a building adjacent to it. They submitted a formal plan to the Village building inspector, who determined that it failed to conform to the Village building code, and informed them that they would need a zoning variance to construct the building as planned. Their application for a variance was denied by the Nassau County Planning Commission, and the denial was sustained by the Zoning Board of Appeals of the Village of Flower Hill.
 
 
 3
 On July 21, 1982, appellants filed two lawsuits. First, they petitioned the Nassau County Supreme Court, pursuant to Article 78, for a review of the Zoning Board's determination, arguing that it was reached arbitrarily and capriciously, and amounted to an unlawful confiscation of their property. On the same date, they filed this action in the U.S. District Court for the Eastern District of New York, claiming that the Board violated their civil rights, pursuant to 42 U.S.C. Sec. 1983, by denying a permit to construct a second building on their property. Defendants in the federal action moved to dismiss or, alternatively, to stay the proceedings pending determination of the action in the state courts. Judge Mishler chose the latter course.
 
 
 4
 On November 9, 1982, the state Supreme Court sustained the Zoning Board's determination. That decision was affirmed by the Appellate Division, and leave to appeal to the New York Court of Appeals was denied. See Collard v. Runge, No. 14312/82 (N.Y.Sup.Ct. Nassau Cty. Nov. 9, 1982), aff'd without opinion, 99 A.D.2d 687, 471 N.Y.S.2d 731 (App.Div.2d Dep't 1984), appeal denied, --- N.Y.2d ---, 472 N.E.2d 327 (N.Y.Ct.App.1984).
 
 
 5
 The state action having been decided with finality, the district court once again took the Village's motion to dismiss under consideration. In a careful opinion, Judge Mishler granted the motion, and ordered the claim dismissed under the doctrines of res judicata and collateral estoppel in light of the previous state litigation. See 604 F.Supp. 1318 (E.D.N.Y.1984).
 
 
 6
 We agree with and adopt the district court's thorough and well-reasoned discussion of the preclusive effect of a prior state judgment on a subsequent Sec. 1983 suit brought pursuant to 42 U.S.C. Sec. 1983 in a federal court. On the authority of Migra v. Warren City School Dist., 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984), Judge Mishler properly held that a district court is precluded from hearing a claim that could have been but was not raised in a state court proceeding, if the courts of that state would be precluded from hearing that claim. Furthermore, we agree that, under New York law, the constitutional claims that form the gravamen of the district court action could have been brought in the earlier state proceeding, see Kovarsky v. Housing Development Admin., 31 N.Y.2d 184, 335 N.Y.S.2d 383, 286 N.E.2d 882 (1982), and that the New York law of claim preclusion would bar the subsequent claims had they been brought in state court following the unsuccessful Article 78 proceeding, see O'Brian v. City of Syracuse, 54 N.Y.2d 353, 445 N.Y.S.2d 687, 429 N.E.2d 1158 (1981); Matter of Reilly v. Reid, 45 N.Y.2d 24, 407 N.Y.S.2d 645, 379 N.E.2d 172 (1978). Therefore, Migra dictates that the claim be precluded in a federal court as well.
 
 
 7
 We have carefully considered the Collards' numerous arguments on appeal, and find them to be without merit. Accordingly, for substantially the reasons set forth in the opinion below, the judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Lloyd F. MacMahon, United States District Judge for the Southern District of New York, sitting by designation