54 F.3d 779
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Vances H. SMITH, Plaintiff-Appellant,
v.
Gary McCAUGHTRY and Lynn Oestreich, Defendants-Appellees.
 Nos. 93-3061, 94-1049.
 United States Court of Appeals, Seventh Circuit.
 Submitted Apr 27, 1995.*
Decided May 18, 1995.
 
 IN PART, REVERSED IN PART, REMANDED.
 Before POSNER, Chief Judge, and CUMMINGS and MANION, Circuit Judges.
 
 ORDER
 
 1
 Vances Smith, an inmate at the Waupun Correctional Institution (WCI) in Wisconsin, brought suit against the defendants under 42 U.S.C. Sec. 1983 alleging violations of his procedural due process rights. Oestreich, the security director at WCI, presided over a disciplinary hearing where Smith was convicted of performing legal services for inmates for money. See Wis. Admin. Code Sec. DOC 303.32 (enterprises and fraud). McCaughtry, the superintendent at WCI, handles inmate appeals. Smith's claims included the assertions that (1) he was not given proper notice of the disciplinary hearing; (2) the hearing was not held within the time period specified under Wis. Admin. Code Sec. DOC 303.76(3); (3) defendants violated his due process rights by failing to produce a material witness at the hearing; and (4) defendants were not impartial decisionmakers, and Smith's conviction was intended as retaliation for his "jailhouse lawyer" activities. The district court granted summary judgment to the defendants on the notice and timing claims, and the defendants prevailed in a jury trial on the witness and bias claims.
 
 
 2
 Smith, pro se and proceeding in forma pauperis, raises several issues on appeal. First, he contests the district court's grant of summary judgment to the defendants on the notice and hearing date claims. Second, he contends that the district court erroneously refused to allow five inmate witnesses to testify at the trial. Finally, Smith argues that the district court should have admitted an allegedly backdated document into evidence at the trial.
 
 I. Notice
 
 3
 Smith argues that he was not given proper notice of the disciplinary hearing, in violation of the Due Process Clause. Smith was served with a conduct report on January 9, 1992. See Smith Affidavit, p 2. The hearing commenced on January 28 but was postponed at Smith's request to allow Smith time to review the evidence against him. The hearing resumed on February 6. Smith claims that he was not notified of the date or time of either the January 28 or February 6 hearings.
 
 
 4
 Due process requires that prisoners receive "written notice of the charges against them" at least 24 hours before the disciplinary hearing. Henderson v. United States Parole Commission, 13 F.3d 1073, 1077 (7th Cir. 1994), cert. denied, 115 S. Ct. 314 (1994); Rasheed-Bey v. Duckworth, 969 F.2d 357, 361 (7th Cir. 1992). Smith received a copy of the conduct report on January 9, and the hearing was held on January 28. Smith had nineteen days to prepare his defense. Further time was provided at his request when the hearing was continued until February 6. Because Smith received ample and timely notice of the charges against him, the district court properly granted summary judgment to the defendants on this procedural due process claim.
 
 
 5
 Next, Smith claims a violation of Wis. Admin. Code Sec. DOC 303.81(9), which requires the hearing officer to give advance notice of the time and place of the disciplinary hearing to the accused.[1] Defendants do not contend that they gave Smith notice of the time and place of the hearing; rather, they argue that this claim does not state a cause of action under Sec. 1983. This court has not addressed the constitutional significance of Sec. 303.81(9), but we have held that state regulations that are merely procedural requirements do not create a liberty interest under the due process clause of the Fourteenth Amendment. "Procedural regulations are not a source of constitutional entitlements." Smith v. Shettle, 946 F.2d 1250, 1254 (7th Cir. 1991); see also Olim v. Wakinekona, 461 U.S. 238, 250-51 (1983) (state procedural requirements without substantive interest do not create liberty interests); Shango v. Jurich, 681 F.2d 1091, 1101 (7th Cir. 1982). To create a federally enforceable liberty interest, a state regulation must contain "mandatory language" and "specific substantive predicates." Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 462-63 (1989); Hewitt v. Helms, 459 U.S. 460, 472 (1983). Section 303.81(9) contains mandatory language ("shall prepare"), but it does not purport to create any substantive rights. Smith had nineteen days to prepare for the hearing, far more than the constitutional minimum. "A liberty interest is ... a substantive interest." Shango, 681 F.2d at 1100-01. Section 303.81(9) is a procedural regulation. While Sec. 303.81(9) binds Wisconsin officials under state law, it does not create a liberty interest that would allow Smith to state a claim under Sec. 1983. See Saenz v. Murphy, 451 N.W.2d 780, 788 (Wis.App. 1989), rev'd on other grounds 469 N.W.2d 611 (Wis. 1991) (Sec. 303.81(9) "adds nothing to the constitutional requirement of adequate notice.").
 
 II. Timing of Hearing
 
 6
 Smith also claims that the defendants did not provide him with a timely hearing. Under Wis. Admin. Code Sec. DOC 303.76(3), an inmate must be given a hearing "no sooner than 2 working days or later than 21 days after the inmate receives a copy of the conduct report." Smith argues that he did not receive a timely hearing because the final decision on the conduct report was made on February 6, more than 21 days after he received it. However, the hearing was initially convened on January 28, within the 21-day limit, where Smith was granted an extension of time to review the evidence against him. We agree with the district court that Smith cannot complain that Sec. 303.76(3) was violated after he requested an extension of time beyond the 21-day period. Moreover, like Sec. 303.81(9), Sec. 303.76(3) is a procedural regulation that does not create a constitutional due process right. See Smith, 946 F.2d at 1255 (Indiana regulation requiring review of segregation status every 30 days does not create constitutional entitlement). Thus, we affirm the district court's grant of summary judgment to the defendants on the notice and timing claims.
 
 III. Exclusion of Witnesses and Evidence
 
 7
 Two of Smith's claims survived summary judgment: (1) his allegation that the defendants violated his right to due process by refusing to allow Dempsie Coburn to testify at the hearing and (2) his claim that the defendants were not impartial decisionmakers. Smith requested that the district court issue writs of habeas corpus ad testificandum to five inmate witnesses so they could testify at trial. The district court denied his request as to all five of the witnesses. Smith also sought to introduce an allegedly backdated document that the district court excluded as irrelevant. In addition, Smith requested the court furnish him with a trial transcript, which he believed was necessary to fully evaluate these evidentiary claims on appeal. The district court denied this request as well. This Court subsequently ordered the production of a trial transcript at government expense.
 
 A. Exclusion of Witnesses
 
 8
 The district court may refuse to bring inmate witnesses to court if it finds that their testimony will be irrelevant or redundant. See United States v. Solina, 733 F.2d 1208, 1213 (7th Cir. 1984), cert. denied, 469 U.S. 1039 (1984) (trial court did not err in refusing to allow inmate to call 40-50 potential inmate eyewitnesses when their testimony would be redundant). In Jones v. Hamelman, 869 F.2d 1023 (7th Cir. 1989), we held that an inmate bringing a claim under Sec. 1983 does not have a constitutional right to be in court himself to testify. Rather, the "trial judge must weigh the interest of the plaintiff in presenting his testimony against the interest of the state in maintaining [his] confinement." Jones, 869 F.2d at 1030; see also 28 U.S.C. Sec. 2241(c)(5) ("The writ of habeas corpus shall not extend to a prisoner unless ... [i]t is necessary to bring him into court to testify or for trial.") (emphasis added). If the plaintiff himself does not have an absolute right to testify in court, certainly he has no absolute right to call other inmate witnesses. We review the district court's decision for abuse of discretion. Jones, 869 F.2d at 1030.
 
 
 9
 The district court held that the testimony of the five witnesses would be irrelevant to the trial. With respect to Wesley Owens, Dempsie Coburn, Ronald Keith, Sr., and Pascual S. Montoya, we cannot say that the district court abused its discretion.[2] The result is not so clear, however, with regard to inmate-witness Arrton Robertson. According to Smith's proffer, Robertson would testify about an incident where Oestreich allegedly backdated a conduct report issued to Robertson. Smith claimed that he caught Oestreich backdating the report in violation of Wisconsin regulations. Smith represented Robertson in a lawsuit against Oestreich arising out of this incident. This incident is relevant to the question of whether Oestreich was an impartial decisionmaker in the later hearing involving Smith. In addition, Robertson's testimony would be relevant to rebut Oestreich's testimony that he was impartial. The district court thus erred in excluding Robertson's testimony as irrelevant. See, e.g., United States v. Abel, 469 U.S. 45, 52 (1984) (allowing impeachment evidence that witness was biased: "Proof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony.").
 
 
 10
 Next, we must decide whether the error in excluding Robertson's testimony was harmless error. In doing so, we must weigh factors including "the importance of the testimony, ... the extent to which [it] was cumulative, the presence or absence of evidence corroborating or contradicting the testimony, ... and the overall strength of [the litigant's] case." See Clark v. O'Leary, 852 F.2d 999, 1005 (7th Cir. 1988). A review of the trial transcript indicates that the Robertson backdating incident formed the sole basis of Smith's claim that Oestreich was not impartial. The exclusion of Robertson's testimony had a substantial, if not fatal, impact on Smith's ability to present his case. Without Robertson's testimony, Smith had no direct evidence that the backdating ever occurred. The district court, however, did allow Smith to testify concerning the incident, despite the defendants' objection that much of the testimony was hearsay. See I Tr. at 148-51.
 
 
 11
 Applying the Clark factors, we find that the exclusion of Robertson's testimony was not harmless error. Although Smith was allowed to inform the jury of the backdating incident in his testimony, his case would have been significantly stronger if Robertson were available to corroborate the story. Smith sought to prove that Oestreich was biased; the issue was whether Oestreich's intent in imposing severe punishment on Smith for certain disciplinary violations was to retaliate against Smith for representing Robertson in his backdating claim. "Intent can rarely be established by direct evidence, and must often be proved circumstantially and by inference." Zilg v. Prentice-Hall, Inc., 515 F. Supp. 716, 719 (S.D.N.Y. 1981). The only evidence presented at trial from which the jury could infer bias was Smith's unsupported, hearsay-laden testimony. Robertson's testimony could have substantially improved Smith's chances of convincing the jury that the backdating incident occurred and caused Oestreich to lose his impartiality.[3] Finally, the gap left by the exclusion of Robertson's testimony is underscored by the defendant's closing argument, where defense counsel stated:
 
 
 12
 "Mr. Smith can talk all he wants about what he has shown, but what's important for you to consider is what actually got into evidence.... When you retire to the jury room, you look through his exhibits and see if the Court let anything in regarding Arrton Robertson. And the answer is no." II Tr. at 27.
 
 
 13
 When the totality of the circumstances is considered, we fail to see how the exclusion of Robertson's testimony may constitute harmless error.
 
 
 14
 B. Exclusion of Allegedly Backdated Conduct Report
 
 
 15
 Likewise, the exclusion of Robertson's allegedly backdated conduct report was error. As discussed above, evidence of the backdating incident was vital to Smith's case. The district court, without explanation, sustained the defendants' objection to the admission of the report on the grounds that it was irrelevant. II Tr. at 5. While the district court is granted broad discretion in decisions concerning the admission of evidence, cf. McCarty v. Pheasant Run, Inc., 826 F.2d 1554, 1559 (7th Cir. 1987), Fed. R. Evid. 402 provides that "[a]ll relevant evidence is admissible." Relevance under Rule 402 must be construed liberally, Daubert v. Merrell Dow Pharmaceuticals, Inc., 113 S. Ct. 2786, 2794 (1993), and the "[e]xclusion of relevant evidence should be used sparingly." Morgan v. United Air Lines, Inc., 750 F. Supp. 1046, 1055 (D. Colo. 1990); see also Gentile v. County of Suffolk, 926 F.2d 142, 151 (2d Cir. 1991). The conduct report was relevant to Smith's bias claim, and the district court erred by excluding it without providing more substantial reasons for its exclusion. Cf. McCarty, 826 F.2d at 1559. We therefore remand for a new trial on Smith's bias claim.[4]
 
 IV. Conclusion
 
 16
 In conclusion, we AFFIRM the decision of the district court with regard to the notice claim, the timing claim, and the testimony of Owens, Coburn, Keith, and Montoya. The exclusion of Robertson's testimony and the backdated document, however, was error that substantially affected Smith's ability to present his bias claim at trial. Thus, we REMAND for a new trial on the bias claim only.
 
 
 17
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 Section 303.81(9) states, "The hearing officer shall prepare notice of the hearing and give it to the accused, the advocate (if any), the committee and all witnesses, including the staff member who wrote the conduct report." At least one Wisconsin court has interpreted this section to mean that an inmate must be notified of the time and place of a disciplinary hearing. See State ex rel. Smith v. McCaughtry, 514 N.W.2d 879 (Wis.App. 1994) (unpublished disposition available on Westlaw) (failure to give prisoner notice of time and place of hearing harmless error because no prejudice shown), review denied, 520 N.W.2d 90 (Wis. 1994)
 
 
 [2]
 The trial court's decision to exclude the four witnesses was not an abuse of discretion: (1) The state stipulated to nearly all of Dempsie Coburn's proposed testimony, rendering it irrelevant; (2) Wesley Owens would testify about another disciplinary hearing against Smith, completely unrelated to the case at hand. Even if tangentially relevant, the events could be adequately described with documentary evidence; (3) Ronald Keith's proposed testimony that he received a lesser punishment than Smith for a similar offense would not necessarily be probative of bias; and (4) Pascual Montoya would testify that one of Oestreich's decisions in a previous case was reversed because he failed to call a witness. Smith argues that this testimony proves that Oestreich knew proper procedures, and thus his failure to call a witness at Smith's hearing arose out of bias. Montoya's proposed testimony is not relevant, as Oestreich hears numerous conduct reports, and this one incident does not tend to show that the failure to call the witness at Smith's hearing was more likely the result of bias than mishap. Furthermore, the state did not contest that Oestreich knew the proper procedures for handling prison disciplinary proceedings
 
 
 [3]
 The jury, of course, would still have been entitled to conclude that Oestreich acted impartially. Oestreich testified that he was not biased and that he did not even know that Smith was representing Robertson in the lawsuit arising out of the backdating incident. I Tr. at 114. The task of evaluating whether Oestreich was more credible than Smith and Robertson would be left to the jury
 
 
 [4]
 The exclusion of Robertson's testimony and the allegedly backdated document affected Smith's ability to present his bias claim but did not affect his claim that Dempsie Coburn should have been called to testify at the disciplinary hearing. Thus, we remand for retrial on the bias claim only