12-573-cv
BCM Development v. Oprandy

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York the 17th day of January, two thousand thirteen.

Present:     RALPH K. WINTER,
             ROSEMARY S. POOLER,
             DENNY CHIN,
                         *Circuit Judges.*

_____

BCM DEVELOPMENT, LLC,

                  *Plaintiff-Counter-Defendant-Appellant*,

          -v-                                      12-573-cv

PETER OPRANDY, as trustee of The Oprandy Trust,
THE OPRANDY TRUST,

                  *Defendants-Counter-Claimants-Appellees*.

_____


Appearing for Appellant:     Barry D. Epstein, The Epstein Law Firm, P.A., Rochelle Park, NJ.

Appearing for Appellees:     William H. Mulligan, Jr., Bleakley Platt & Schmidt, LLP, White
                             Plains, NY.


Appeal from the United States District Court for the Southern District of New York (Seibel, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

BCM Development, LLC appeals from the January 17, 2012 judgment of the United States District Court for the Southern District of New York (Seibel, *J.*) dismissing the action with prejudice, in accordance with the district court's January 13, 2012 order granting defendants' motion to dismiss the action and enforcing a stipulation between the parties. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"A district court has the power to enforce summarily, on motion, a settlement agreement reached in a case that was pending before it." *Meetings & Expositions Inc. v. Tandy Corp.*, 490 F.2d 714, 717 (2d Cir. 1974)(citation omitted). "Stipulations of settlement are favored by the courts and not lightly cast aside." *Hallock v. State*, 64 N.Y.2d 224, 230 (1984)(citation omitted). "Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation." *Id.* (citation omitted).

Each of BCM's challenges to entry of the stipulation of settlement is without merit. BCM alleges the stipulation of settlement is void based on mutual mistake. To prevail on such a claim, it must show that the mutual mistake "exist[ed] at the time the contract [was] entered into and [is] substantial. The idea is that the agreement as expressed, in some material respect, does not represent the 'meeting of the minds' of the parties." *Matter of Gould v. Bd. of Educ. of Sewanhaka Cent. High Sch. Dist.*, 81 N.Y.2d 446, 453 (1993). No such showing is made here. Even assuming that there was a mutual mistake, there is no indication in the record that the mutual mistake affected the decision to enter into the stipulation of settlement at issue here.

BCM next argues that it substantially performed under the real estate contract. Again, BCM confuses the contract at issue at this point, which is the stipulation of settlement. The payment of extension fees pursuant to the stipulation does not equate to substantial performance of the real estate contract. The real estate contract provided for the purchase of land. What BCM bought with the payments made pursuant to the stipulation and agreed-to extensions was time. Hence, the doctrine of substantial performance does not excuse BCM's failure to comply with the terms of the stipulation of settlement.

Finally, BCM argues that the appellees' refusal to renegotiate certain contract terms is a breach of the implied covenant of good faith and fair dealing. "This covenant embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *511 W. 232nd Owners Corp. v. Jennifer Realty Co.*, 98 N.Y.2d 144, 153 (2002) (citations omitted). "The covenant is breached only where one party to a contract seeks to prevent its performance by, or to withhold its benefits from, the other." *Collard v. Inc. Vill. of Flower Hill*, 75 A.D.2d 631,632 (2d Dept. 1980)(citation omitted). There is no evidence appellees interfered with BCM's ability to receive the benefit of its bargain, and appellees were under no obligation to renegotiate the terms of the agreement or to grant yet another extension.

We have examined the remainder of BCM's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk