■ LUXONOMY CARS, INC., et al., Respondents, v CITIBANK, N. A., Formerly Known as FIRST NATIONAL CITY BANK, Appellant.—In an action, *inter alia*, to recover damages for breach of contract, defendant appeals from so much of an order of the Supreme Court, Queens County, dated February 2, 1978, as (1) granted plaintiffs' motion for leave to serve an amended complaint asserting a fifth cause of action as an additional theory of recovery and (2) denied the branches of its cross motion which sought partial summary judgment dismissing the second, third and fourth causes of action, and the striking of the demand for punitive damages contained in those causes of action. Order modified, on the law, by (1) deleting the first and third decretal paragraphs thereof and substituting therefor a provision denying plaintiffs' motion and (2) adding to the second decretal paragraph thereof provisions striking the claim for punitive damages asserted in the third cause of action and granting defendant summary judgment as to the second and fourth causes of action. As so modified, order affirmed insofar as appealed from, without costs or disbursements. This action concerns a loan agreement executed by plaintiff Luxonomy Cars, Inc. (Luxonomy) and defendant (Citibank) in January, 1975. The agreement provided for a loan to Luxonomy in the principal amount of $45,000, to be repaid in monthly installments of $1,875. Plaintiff Michael Lang, president and sole shareholder of Luxonomy, and his wife, signed as comakers of the note. Under paragraph IV(j) of the note, Citibank reserved the right to accelerate the note without notice "should the affairs of the undersigned, in the good faith opinion of the Bank, so change as to impair the Bank's security or increase its credit risk; or should the Bank, in good faith, at any time deem itself insecure". Pursuant to paragraph II of the note, Luxonomy's accounts with Citibank were "pledged" to the bank. Citibank maintained the right, with or without notice, to "appropriate and apply" amounts on deposit to the payment of outstanding obligations of the debtor. At the time of the execution of the note, and at all relevant times thereafter, Luxonomy maintained a checking account at Citibank. Luxonomy made the payments as they became due and, by January, 1976, nearly half the loan had been repaid. At that time, Luxonomy applied to Citibank for a Small Business Administration Loan in the amount of $150,000 and, in connection therewith, submitted an unaudited financial statement "for the year ended September 30, 1975". The statement indicated a net operating loss of about $44,500. On the basis of this information, Citibank accelerated the loan and applied the entire balance in Luxonomy's checking account—more than $16,000—toward payment of the loan. Several checks which had been drawn on the account were dishonored. Plaintiffs allege that Luxonomy, as well as

the individual comakers, had substantial assets, which were known to Citibank, and that they would not have defaulted on the loan. Plaintiffs also allege that the business was effectively destroyed by Citibank's precipitous action in accelerating the loan and in dishonoring the checks. Their original complaint sets out four causes of action. The first, for breach of contract, is not at issue on this appeal. The second sounds in tort and alleges that Citibank "recklessly, in bad faith and without good and reasonable cause, called the balance due on the * * * loan". The third alleges the wrongful dishonor of the checks and the consequential damage to plaintiffs' credit standing, reputation and business. The fourth, also sounding in tort, essentially alleges conversion. The proposed fifth cause of action alleges that Citibank failed to exercise reasonable care in accelerating the loan and debiting the checking account. Citibank appeals from stated portions of an order which, *inter alia,* denied its cross motion for partial summary judgment on the second through fourth causes of action and granted plaintiffs' motion to add the proposed fifth cause of action. There is no question that the first cause of action for breach of contract is proper. If Citibank did not properly accelerate the loan or improperly debited Luxonomy's checking account for purposes of set off, then the proper remedy is to sue for breach of the loan agreement. However, the plaintiffs have sought to extend their remedy by also suing in tort. Thus, the second and proposed fifth causes of action are largely duplicative of the breach of contract claim. Abstractly, a tort may accompany a breach of contract, but only where the contract creates a relation out of which springs a duty, independent of the contract obligation, and that independent duty is also violated *(Rich v New York Cent. & Hudson Riv. R. R. Co.,* 87 NY 382; *Albemarle Theatre v Bayberry Realty Corp.,* 27 AD2d 172). The allegations that Citibank recklessly accelerated the loan (the second cause of action) and failed to exercise reasonable care in accelerating the loan and debiting Luxonomy's checking account (the proposed fifth cause of action) do no more than assert violations of a duty which is identical to and indivisible from the contract obligations which have allegedly been breached. Since there is no tortious violation of an independent duty, these causes of action must be dismissed. Nor may these causes of action be sustained as alleging a prima facie tort. Essential to a prima facie tort is the infliction of intentional harm without excuse or justification and the allegation of special damages *(Lincoln First Bank of Rochester v Siegel,* 60 AD2d 270). Regardless of whether Citibank breached the loan agreement, its actions were unequivocably justified vis-à-vis a prima facie tort, because the bank "had a valid business interest to protect" (see *Motif Constr. Corp. v Buffalo Sav. Bank,* 50 AD2d 718, 719). Furthermore, plaintiffs have failed to plead special damages with any particularity. Summary judgment dismissing the fourth cause of action should also have been granted. An action for conversion requires specific and identifiable property. A checking account, which does no more than create a debtor-creditor relationship, does not satisfy that requirement and cannot be converted (see *Independence Discount Corp. v Bressner,* 47 AD2d 756). The third cause of action, although inartfully drafted, essentially states a claim for wrongful dishonor. As such, it alleges the violation of a duty which is independent from the contract obligations and was therefore properly sustained. The liability of a bank for the wrongful dishonor of a customer's item is enunciated in section 4-402 of the Uniform Commercial Code. Citibank may be liable for wrongful dishonor under the Uniform Commercial Code, regardless of its liability on the breach of contract action. Pursuant to that section, plaintiffs may recover any consequential damages

which are proved. In terms of summary judgment, we note that there are several questions of fact on this claim, including, but not limited to, the timing of the acceleration and set off vis-à-vis the dishonor of particular checks. Finally, plaintiffs are not entitled to punitive damages on any of their causes of action because the wrongs of which they complain are essentially private rather than public. Nor does the record suggest that Citibank in any way exhibited a high degree of moral turpitude which might justify the imposition of punitive damages (see *M. S. R. Assoc. v Consolidated Mut. Ins. Co.,* 58 AD2d 858). Hopkins, J. P., Martuscello, Rabin and Margett, JJ., concur.