■ COMMERCIAL TRADING COMPANY, INC., Appellant, v HALBERT H. DREXLER et al., Respondents, et al., Defendants.—In an action to foreclose a mortgage, plaintiff appeals from so much of an order of the Supreme Court, Suffolk County, entered July 2, 1979, as denied the branch of its motion which sought dismissal of the first counterclaim of defendants Drexler. Order reversed insofar as appealed from, on the law, without costs or disbursements, and that branch of plaintiff's motion which seeks to dismiss respondents' first counterclaim is granted. In this action to foreclose a mortgage based upon a default of a written guarantee, the respondents have interposed an answer which denies the material allegations of the complaint, asserts an affirmative defense founded upon payment and improper acceleration, and alleges various counterclaims. At issue is the first counterclaim which does no more than repeat and reiterate the preceding paragraphs. Unspecified monetary damages are alleged and respondents further seek punitive damages of $500,000. It must be inferred from respondents' failure to assert any affirmative damages that the counterclaim is wholly directed at receiving punitive damages premised upon the allegations contained in the affirmative defense. Although sufficient to possibly defeat plaintiff's action, those allegations are insufficient to set forth an affirmative cause of action which would entitle respondents to beneficial relief. Nor is this action, which arises from allegedly private wrongs, a suitable case for punitive damages (see *Luxonomy Cars v Citibank, N. A.,* 65 AD2d 549). Rabin, J. P., Gulotta, Cohalan and Margett, JJ., concur.