■ Bouquet Brands Division of J & D Food Sales, Inc., Respondent, v Citibank (New York State), N. A., Appellant. — Appeal from an order of the Supreme Court at Special Term (Viscardi, J.), entered October 29, 1982 in Schenectady County, which denied defendant's motion to dismiss the complaint. In January, 1981, plaintiff agreed to purchase certain industrial

cheese-making equipment from defendant for $40,000. On January 29, 1981, plaintiff issued a check for $2,000 and executed a monthly payment business loan note for the balance of the agreed price together with a security agreement. Defendant agreed to make the equipment available to plaintiff on January 30, 1981 at a warehouse in Lawrence, Massachusetts, where the equipment was stored. When the equipment was destroyed by fire during the third week in February, 1981, plaintiff commenced an action against defendant alleging that defendant had breached the contract and, further, was negligent in failing to take steps necessary to make the equipment available before it was destroyed. By notice of motion dated August 31, 1982, defendant moved to dismiss the complaint on the grounds that there was a complete defense founded upon documentary evidence (CPLR 3211, subd [a], par 1) and that the complaint failed to state a cause of action (CPLR 3211, subd [a], par 7). The documentary evidence relied upon by defendant was the $2,000 check issued by plaintiff, which had been returned to defendant on February 4, 1981 marked "payment stopped". The affidavit of plaintiff's chairman of the board stated that plaintiff had stopped payment of the check on February 2, 1981 upon learning that defendant was unable to make the equipment available pursuant to the terms of the contract. Defendant's motion to dismiss was denied by Special Term and this appeal by defendant ensued. Defendant's contention that the agreement was not supported by consideration because payment was stopped on the $2,000 check is rejected. The stop-payment check does not provide documentary evidence of the failure of consideration. Most of the objections founded on documentary evidence are listed in CPLR 3211 (subd [a], par 5) and are of a nature that precludes maintenance of an action because the particularized objection affirmatively meets and disposes of the allegations set forth in the complaint. CPLR 3211 (subd [a], par 1), relied upon by defendant, was added to cover all other objections not set forth in paragraph 5. A stop-payment check is not such an objection where, as here, the contract was conditioned on defendant's fulfillment of its promise to make the equipment available on a specific date, a condition that plaintiff alleges was not met. Further, plaintiff states in the affidavit of its chairman that, after payment was stopped on the check, it remained ready, willing and able to perform. The contention raised in defendant's affidavit to the effect that plaintiff renounced the contract merely creates an issue of fact. However, that branch of defendant's motion to dismiss the cause of action based on negligence should have been granted. That action fails because plaintiff failed to allege a breach of duty apart from defendant's complete failure to fulfill its contract obligations. A tort action may accompany one for breach of contract only where the contract creates a relation out of which springs a duty, independent of the contract obligation, and that independent duty is breached (*Luxonomy Cars v Citibank*, 65 AD2d 549, 550). Such is not the case herein. Order modified, on the law, without costs, by reversing so much thereof as denied defendant's motion to dismiss plaintiff's second cause of action, said cause of action dismissed, and, as so modified, affirmed. Mahoney, P. J., Main, Casey, Yesawich, Jr., and Weiss, JJ., concur.