■ EUROPEAN AMERICAN BANK, Respondent, v MR. WEMMICK, LTD., et al., Appellants, et al., Defendant.—In an action, *inter alia,* to recover the proceeds of a loan, the defendants Mr. Wemmick, Ltd., Harry Binder, Bialystock & Bloom Productions, Inc., the Big 12 Leasing Corp., Initials, Inc., and the Jewelry Factory Discount Outlet, Ltd., appeal from so much of an order of the Supreme Court, Nassau County (Brucia, J.), dated December 20, 1988, as granted the plaintiff's motion for summary judgment against the appellants, dismissed the appellants' affirmative defenses, and dismissed the appellants' first, second, fourth, fifth, sixth, seventh and eighth counterclaims and a portion of the third counterclaim.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion is denied.

The plaintiff and defendant Mr. Wemmick, Ltd. (hereinafter Wemmick) entered into an "Assigned Account Loan Agreement", pursuant to which the plaintiff extended to Wemmick a line of credit for use in connection with its business. The agreement contained a provision whereby Wemmick agreed to waive setoffs and counterclaims in any enforcement action brought by the plaintiff, and it further permitted the plaintiff to terminate the agreement on 30 days' notice. Two months after the plaintiff renewed the agreement in August 1987 the plaintiff discontinued its Asset Based Lending Department, notified Wemmick (who was not in default) that the loan agreement was terminated, and demanded immediate pay-

ment of the total amount due. Wemmick, claiming that the plaintiff breached various oral representations to it, refused to repay the loan. The plaintiff commenced the instant action against the defendants, and thereafter moved for summary judgment pursuant to CPLR 3212. In opposition to the motion, the appellants submitted affidavits in which they alleged that two bank officers, knowing the plaintiff would soon close its loan department and terminate its agreement with Wemmick, nevertheless made repeated oral assurances that the agreement would not be terminated prior to its expiration date and further encouraged Wemmick to expand its business, and enlarge its debt, which Wemmick did. The Supreme Court granted the plaintiff's motion for summary judgment on its causes of action and dismissed appellants' affirmative defenses and counterclaims with the exception of so much of the appellants' third counterclaim alleging fraud against the plaintiff and its vice-president.

In light of the appellants' viable second and third counterclaims alleging the breach of the plaintiff's fiduciary duty of good-faith dealing and fraud, and the appellants' affirmative defense of equitable estoppel which presented triable issues of fact, the Supreme Court should not have granted summary judgment. The appellants' reliance on the express language of the written agreement and the Statute of Frauds (General Obligations Law § 15-301) is unavailing.

Although the agreement contains a provision in which the appellants waived the right to a jury trial, and to interpose setoffs and counterclaims, such a waiver will not be enforced to bar counterclaims sounding in fraud (*Bayside Fuel Oil Depot Corp. v Savino Oil & Heating Co.,* 133 AD2d 658; *Federal Deposit Ins. Corp. v Marino Corp.,* 74 AD2d 620).

In addition to their viable third counterclaim sounding in fraud, the appellants have sufficiently stated a cause of action alleging the plaintiff made fraudulent misrepresentations to Wemmick, thereby breaching its implied obligation to deal honestly and in good faith with its customer (*Bayside Fuel Oil Depot Corp. v Savino Oil & Heating Co., supra; Canterbury Realty & Equip. Corp. v Poughkeepsie Sav. Bank,* 135 AD2d 102; *see also,* UCC 1-203, 1-208). To enforce the waiver provision in the face of a triable issue of fact as to the plaintiff's breach of its good-faith obligation to its customer would allow it to shield itself from its own tortious conduct (*Federal Deposit Ins. Corp. v Marino Corp., supra,* at 621; *Sterling Natl. Bank & Trust Co. v Giannetti,* 53 AD2d 533). Therefore, the appellants' waiver of their right to interpose counterclaims

against the plaintiff may not be enforced as to the counterclaims based upon fraud or the plaintiff's violation of its fiduciary good-faith duty to its customer.

In addition, if the appellants establish that plaintiff's conduct induced their significant and substantial reliance, the defense of equitable estoppel may preclude the plaintiff from disputing whether it made oral assurances, notwithstanding the Statute of Frauds (see, Rose v Spa Realty Assocs., 42 NY2d 338; Pau v Bellavia, 145 AD2d 609). Sullivan, J. P., Harwood, Balletta and Miller, JJ., concur.