Ida GELER, Israel Geler, and Yacof Geler, Plaintiffs,

v.

NATIONAL WESTMINSTER BANK USA, Defendant and Third–Party Plaintiff,

v.

Howard GLUCKMAN, as administrator of the Last Will and Testament of Susana a/k/a Shoshana Ghitelman, Third–Party Defendant.

NATIONAL WESTMINSTER BANK USA, Plaintiff,

v.

Howard GLUCKMAN, as administrator of the Last Will and Testament of Susana a/k/a Shoshana Ghitelman, Ida Geler, Israel Geler, and Yacof Geler, Defendants.

Nos. 90 Civ. 6840 (RLC), 91 Civ. 1354 (RLC).

United States District Court, S.D. New York.

Aug. 20, 1991.

Anderson Costigan (William F. Costigan, John P. McConnell, of counsel), New York City, for Ida Geler, Israel Geler, and Yacof Geler.

Winston and Strawn (Edward N. Meyer, Michael E. Cavanaugh, of counsel), New York City, for National Westminster Bank USA.

Yerushalmi, Shiboleth, Yisraeli & Roberts (Marilyn B. Fairberg, of counsel), New York City, for Howard Gluckman, adm'r.

## OPINION

**ROBERT L. CARTER, District Judge.**

The facts of this case are set forth in the court's amended opinion of May 2, 1991, with which familiarity is assumed. *Geler v. National Westminster Bank USA,* 763 F.Supp. 722 (S.D.N.Y.1991) (Carter, J.). Ida, Israel and Yacof Geler (the "Gelers") have now moved to amend their complaint against National Westminster Bank USA (the "Bank") in No. 90 Civ. 6840, to allege fraud, conversion, breach of the duty of good faith and fair dealing, and breach of fiduciary duty.

Leave to amend a complaint is to be "freely given when justice so requires." Rule 15(a), F.R.Civ.P. However, such leave may be denied when the proposed amendment would be futile. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Friedman v. New York City Dep't of Hous. & Dev. Admin.,* 688 F.Supp. 896, 899 (S.D.N.Y.1988) (Carter, J.), *aff'd w/o op.,* 876 F.2d 890 (2d Cir.1989), *cert. denied,* — U.S. ——, 110 S.Ct. 2570, 109 L.Ed.2d 752 (1990). For the reasons stated hereafter, the Gelers' attempt to transform their breach of contract action into a tort action is legally insufficient on its face. Leave to amend is therefore denied.

### I. THE FRAUD CLAIM

The Gelers correctly state that tortious conduct is "no less a tort because it has its genesis in [a] contract." *Meyers v. Waverly Fabrics,* 65 N.Y.2d 75, 80 n. 2, 479 N.E.2d 236, 239 n. 2, 489 N.Y.S.2d 891, 894 n. 2 (1985). The existence of a contract is not a shield from liability for separately actionable tortious conduct. *See, e.g., Niagara Mohawk Power Corp. v. Stone & Webster Eng'g Corp.,* 725 F.Supp. 656, 666 (N.D.N.Y.1989). The facts pleaded by the Gelers, however, do not state a claim for fraud.

In order to succeed on a fraud claim under New York law, the plaintiff must prove, by clear and convincing evidence, that the defendant made a material false representation of fact, that the defendant

knew the representation to be untrue or made it with reckless disregard of its truth or falsity, that the defendant made the representation with the intent to deceive the plaintiff and to induce the plaintiff to part with or refrain from obtaining something of value, that the plaintiff reasonably relied on the representation, and that this reliance resulted in damage to the plaintiff. *See Katara v. D.E. Jones Commodities, Inc.*, 835 F.2d 966, 970–71 (2d Cir.1987); *Simcuski v. Saeli*, 44 N.Y.2d 442, 453–54, 377 N.E.2d 713, 719, 406 N.Y.S.2d 259, 265 (1978); *Jo Ann Homes at Bellmore, Inc. v. Dworetz*, 25 N.Y.2d 112, 119, 250 N.E.2d 214, 217, 302 N.Y.S.2d 799, 803 (1969); *Pappas v. Harrow Stores, Inc.*, 140 A.D.2d 501, 504, 528 N.Y.S.2d 404, 407 (2d Dep't 1988).

The gist of the Gelers' allegations of fraud, contained in paragraph 40 of the amended complaint, is that the Bank misrepresented the ownership of the certificate of deposit and withheld or fabricated evidence in connection with this litigation. It is doubtful whether the alleged acts constitute material misrepresentations of fact.

Even assuming, however, that the alleged acts are material misrepresentations of fact, the Gelers' failure to plead detrimental reliance is fatal to their fraud claim. In their proposed amended complaint, the Gelers allege that

> [b]y reason of the Bank's capricious refusal to meet its obligations to plaintiffs with respect to the July 1988 Certificate and by reason of the enumerated acts of misrepresentation and concealment, the plaintiffs have been deprived of the principal amount due under the certificate, $489,761.68 plus accrued interest,.... have incurred substantial legal fees and disbursements ... and have suffered the ongoing diminution in the quality of their daily lives and their enjoyment of same....

Proposed Amended Complaint ¶ 41. However, it is obvious that the Gelers' failure to obtain the funds allegedly due under the certificate is entirely the result of the bank's refusal to pay them those funds. The Gelers do not allege that they relied on the putative misrepresentations in any way. Moreover, any such reliance could not possibly be the cause of any injury that the Gelers suffered on account of the Bank's failure to pay them the sum due under the certificate, because the Bank could have refused, justifiably or unjustifiably, to pay the Gelers whether or not they believed the supposed misrepresentations.

■ As the New York Court of Appeals observed in *Brick v. Cohn–Hall–Marx Co.*, 276 N.Y. 259, 11 N.E.2d 902 (1937),

> The claim of the plaintiffs is based upon the contract; in other words, if the defendant owes the plaintiffs any money it is because of the agreement.... Whether the defendant deliberately refused to make payment, thus breaching its contract, or whether through neglect it made false statements, or whether it deliberately made false statements, the action of the plaintiffs is based upon the contract, without which they would have no claim at all.

*Id.* at 263–64, 11 N.E.2d at 904; *see also Triangle Underwriters, Inc. v. Honeywell, Inc.*, 604 F.2d 737, 746–47 (2d Cir.1979) (construing *Brick*). Thus, the alleged fraud is not "extraneous to the contract," *Brick, supra*, 276 N.Y. at 264, 11 N.E.2d at 904; that is, it does not involve a violation of an "independent duty," *Luxonomy Cars, Inc. v. Citibank, N.A.*, 65 A.D.2d 549, 550, 408 N.Y.S.2d 951, 954 (2d Dep't 1978), and the action remains one for breach of contract.

■ The Gelers also maintain that they "have incurred substantial legal fees and disbursements in an effort to cause the Bank to honor its certificate of deposit." It is elementary, however, that under the American rule, legal fees are not ordinarily recoverable as an element of damages. *See, e.g., Humphrey v. Columbia Records*, 124 F.R.D. 564 (S.D.N.Y.1989) (Carter, J.). If the Bank's position ultimately proves to be frivolous or in bad faith, the Gelers' remedy lies in the sanctioning power of the court. *See id.*

Thus, the proposed amended complaint states no claim for fraud.

## II. THE CLAIM FOR BREACH OF FIDUCIARY DUTY

■ The Gelers also allege that "[b]y virtue of its banker-depositor relationship with Benjamin Ghitelman, the Bank assumed fiduciary obligations toward plaintiffs," and that the Bank breached those obligations. Proposed Amended Complaint ¶ 47. It is well-settled, however, that the relationship of a bank to its depositors is the contractual relation of a debtor to its creditors, *see, e.g., Wexselblatt v. Bank of Boston Int'l,* 666 F.Supp. 513, 517 (S.D.N.Y.1987) (Leisure, J.); *In re Trevor's Estate,* 309 N.Y. 389, 393, 131 N.E.2d 561, 563 (1955), and does not give rise to a fiduciary relation. *See, e.g., Olmeca, S.A. v. Manufacturers Hanover Trust Co.,* 629 F.Supp. 214 (S.D.N.Y.1985) (Sweet, J.). *See generally* 5A *Michie on Banks and Banking* ch. 9, § 1 (D. Harriman et al. ed. 1983 & Supp.1991).

The Gelers, however, argue that an "informal fiduciary relationship" (sometimes called a "confidential relationship") existed between the Bank and Benjamin Ghitelman because Ghitelman "was a foreigner who dealt exclusively with account officers in the International Private Banking Department for nearly thirty-five years." Reply Mem. 10–11. It is doubtful that these allegations are legally sufficient to establish such a fiduciary relationship. *See Klein v. First Edina Nat'l Bank,* 293 Minn. 418, 196 N.W.2d 619 (1972); *see also Wexselblatt, supra,* 666 F.Supp. at 517; *Olmeca, supra,* 629 F.Supp. at 223. In any event, the allegations appear nowhere in the proposed amended complaint, which merely states that a fiduciary relationship existed "[b]y virtue of [the] banker-depositor relationship." Moreover, the complaint nowhere alleges that the bank breached its supposed duty to Benjamin Ghitelman, but only that it breached a supposed duty to the Gelers.

■ The Gelers also argue that the Bank directly owed the Gelers the fiduciary duty to disclose information that arises when a "defendant possesses superior knowledge, not readily available to the plaintiff, and knows that the plaintiff is acting under a mistaken belief with respect to a material fact." *Beneficial Commercial Corp. v. Murray Glick Datsun, Inc.,* 601 F.Supp. 770, 773 (S.D.N.Y.1985) (Cannella, J.). Again, this is nowhere alleged in the proposed amended complaint. Furthermore, the information that the Bank allegedly failed to disclose is the information, previously discussed in connection with the fraud claim, concerning ownership of the disputed certificate. As previously discussed, the alleged misrepresentations and nondisclosures could not have been the cause of the Gelers' alleged damages, which resulted solely from the Bank's refusal to pay their claim. The Gelers' proposed allegations of breach of fiduciary duty therefore fail to state a claim upon which relief can be granted.

## III. THE CONVERSION CLAIM

■ The Gelers also contend that the bank "converted" the deposited funds. Conversion is the denial or violation of the plaintiff's dominion, rights, or possession in specific, identifiable money or tangible personal property. *See Sporn v. MCA Records, Inc.,* 58 N.Y.2d 482, 487, 489, 448 N.E.2d 1324, 1326, 1327, 462 N.Y.S.2d 413, 415, 416 (1983); *Luxonomy Cars, supra,* 65 A.D.2d at 550, 408 N.Y.S.2d at 954.

■ In general, a conversion action cannot be maintained where damages are merely being sought for breach of a contract. *Peters Griffin Woodward, Inc. v. WCSC, Inc.,* 88 A.D.2d 883, 883, 452 N.Y.S.2d 599, 600 (1st Dep't 1982). A certificate of deposit is, in effect, a promissory note evidencing a loan from the depositor to the bank. *IBM Poughkeepsie Employees Federal Credit Union v. Cumis Ins. Soc'y,* 590 F.Supp. 769, 775 (S.D.N.Y.1984) (Weinfeld, J.); *see also* 5B *Michie on Banks and Banking* ch. 9, § 313, at 380–86 (A. Kowalsky et al. ed. 1991). Hence, any right under the certificate is a chose in action, *see In re Trevor's Estate, supra,* 309 N.Y. at 393, 131 N.E.2d at 563, and therefore cannot form the basis of an action for conversion. *See Sporn, supra,* 58 N.Y.2d at 489, 448 N.E.2d at 1327, 462 N.Y.S.2d at 416.

In other words, a bank receiving a general deposit is not a bailee of the deposited funds, *United States v. Banco Cafetero Panama,* 797 F.2d 1154, 1158 (2d Cir. 1986), but merely owes an ordinary debt to the depositor. *Luxonomy Cars, supra,* 65 A.D.2d at 550, 408 N.Y.S.2d at 954. Thus, the money deposited in a bank account is not sufficiently specific and identifiable, in relation to the bank's other funds, to support a claim for conversion against the bank. *Id.; see also Massive Paper Mills v. Two–Ten Corp.,* 669 F.Supp. 94, 95–96 (S.D.N.Y.1987) (Sweet, J.); *Peters Griffin Woodward, supra,* 88 A.D.2d at 883, 452 N.Y.S.2d at 600.

## IV. THE CLAIM FOR BREACH OF THE DUTY OF GOOD FAITH

In general, under New York law, a duty of good faith and fair dealing is implicit in every contract, but breach of that duty is merely a breach of the underlying contract. *See Durham Indus., Inc. v. North River Ins. Co.,* 673 F.2d 37, 41 (2d Cir.), *cert. denied,* 459 U.S. 827, 103 S.Ct. 61, 74 L.Ed.2d 64 (1982); *see also* N.Y.U.C.C. § 1–203 (McKinney 1964); *Murphy v. American Home Prods. Corp.,* 58 N.Y.2d 293, 304, 448 N.E.2d 86, 91, 461 N.Y.S.2d 232, 237 (1983); *Pernet v. Peabody Eng'g Corp.,* 20 A.D.2d 781, 782, 248 N.Y.S.2d 132, 134 (1st Dep't 1964).[1] The Gelers' allegations of breach of the duty of good faith and fair dealing are based on the same conduct as their allegations of fraud and breach of fiduciary duty. Thus, those allegations presuppose that the Bank breached the express terms of the contract. As a result, the proposed amended complaint could not, on any facts, entitle the Gelers to any relief to which they would not be entitled under their original complaint. In other words, the new allegations are irrelevant to any recovery as a matter of law.

## V. ADDITIONAL ITEMS OF DAMAGES

The proposed amended complaint, in its "Prayer for Relief" clause, asks for punitive damages. Under New York law, punitive damages are not available in a breach of contract case, in the absence of a tort such as fraud or breach of fiduciary duty. *See Durham Indus., supra,* 673 F.2d at 41; *Airlines Reporting Corp. v. Aero Voyagers, Inc.,* 721 F.Supp. 579, 586 (S.D.N.Y.1989) (Sweet, J.).[2] As discussed above, the Gelers have failed to state a viable tort claim.

The Gelers contend that they "have suffered the ongoing diminution in the quality of their daily lives and their enjoyment of same owing to the Bank's refusal to pay over the funds." Proposed Amended Complaint ¶ 41. As previously noted, the Gelers do not state a valid tort claim. Subject to certain exceptions not applicable here, emotional distress is not a proper item of damages for breach of contract, even if the contract was breached in bad faith. *Martin v. Donald Park Acres at Hasting, Inc.,* 54 A.D.2d 975, 975, 389 N.Y.S.2d 31, 32 (2d Dep't 1976); *see also Boyce v. Greeley Square Hotel Co.,* 228 N.Y. 106, 111, 126 N.E. 647, 649 (1920). Accordingly, the Gelers may not recover damages on that ground.

## CONCLUSION

The Gelers' proposed amended complaint is patently a futile attempt to "dress up a

---

1. New York recognizes a cause of action for bad-faith failure to settle an insurance claim. *See, e.g., DiBlasi v. Aetna Life & Cas. Ins. Co.,* 147 A.D.2d 93, 98–99, 542 N.Y.S.2d 187, 191 (2d Dep't 1989). In addition, there is some questionable authority suggesting that bad-faith acceleration of a loan repayment obligation is tortious conduct, at least when it involves fraud. *See European American Bank v. Mr. Wemmick, Ltd.,* 160 A.D.2d 905, 906, 554 N.Y.S.2d 628, 630 (2d Dep't 1990). *But see* N.Y.U.C.C. § 1–208; *Canterbury Realty & Equip. Corp. v. Poughkeepsie Sav. Bank,* 135 A.D.2d 102, 109, 524 N.Y.S.2d 531, 535–36 (3d Dep't 1988) (apparently treating it as a contract claim). This case involves neither of these issues.

2. In any event, the "prayer" or "ad damnum" clause of a complaint is of no effect unless the defendant defaults, because a non-default judgment must grant the prevailing party all relief to which it is legally entitled, regardless of the relief requested in the complaint. *See* Rule 54(c), F.R.Civ.P.

contract claim in a [tort] suit of clothes," *Triangle Underwriters, supra,* 604 F.2d at 747, in order to support a demand for additional damages. Except for those allegations already contained in the original complaint, the proposed amended complaint fails to state a claim upon which relief can be granted.

The Gelers' motion for leave to amend the complaint in No. 90 Civ. 6840 is denied.

IT IS SO ORDERED.