Richard WEEKS, Richard Velez, Carmen Ascenio, Paul Beckford and David Rodriguez, Plaintiffs,

v.

LOCAL 1199, DRUG, HOSPITAL AND HEALTH CARE EMPLOYEES UNION (President, Dennis Rivera), Defendant and Third Party Plaintiff,

v.

SOUTH BRONX MENTAL HEALTH COUNCIL, INC., Third Party Defendant.

No. 92 Civ. 5672 (DAB).

United States District Court, S.D. New York.

July 26, 1995.

Richard Weeks, Bronx, NY, pro se.

Jeffrey G. Stein, Levy, Pollack & Ratner, New York City, for defendant.

### OPINION AND ORDER

BATTS, District Judge:

### PROCEDURE

Plaintiffs bring this action claiming damages as a result of a breach of the Defendant union's duty of fair representation, breach of the union's constitution, and violations of 29 U.S.C. § 411. Local 1199, Drug, Hospital and Health Care Employees Union ("Defendant"), moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the following reasons, Defendant's motion is granted in part and denied in part.

### STATEMENT OF FACTS

Plaintiffs Richard Weeks, Richard Velez, Carmen Ascenio, Paul Beckford and David Rodriguez are all present or former members of the Defendant union. On separate occasions each Plaintiff filed grievances with the Defendant claiming that the employer had violated the collective bargaining agreement. Each Plaintiff's claim, except for Rodriguez', centers essentially on the Defendant's decision that the grievances should not be submitted to arbitration. In general, the Complaint alleges three main causes of action: 1) the Defendant's decision not to submit the grievances to arbitration amounted to a breach of the union's duty of fair representation under § 301 of the Labor Management Relations Act; 2) the Defendant breached its constitution by failing to notify the Plaintiffs of their right to appeal the decision not to submit their grievances to arbitration; and 3) the Defendant violated 29 U.S.C. § 411.

Plaintiff Carmen Ascenio ("Ascenio") has been employed as a clerk typist by the South Bronx Mental Health Council, Inc.

("SBMHC") for more than twenty four years. As the result of the December 1990 departure of another clerk typist in her department, Ascenio's work load increased. See Ascenio Aff. at 2. The additional work was of the same nature and required the same level of skill as her previous duties. See Valdez Aff. at 3, ¶ 8. Assisted by her delegate, Richard Weeks [1] ("Weeks"), Ascenio filed a grievance claiming that SBMHC had substantially modified her job and, in so doing, violated the collective bargaining agreement.

Union Vice President Nelson Valdez ("Valdez") reviewed Ascenio's grievance. In his judgment, the facts of Ascenio's case did not support a claim of substantial modification because the tasks assumed by Ascenio did not involve any difference in work hours, responsibility or skill. See Valdez Aff. at 3, ¶ 8; Ascenio Aff.Exh. 4 at 1–2.

Valdez decided that the grievance should not be submitted to arbitration. Nevertheless, he attempted to reach a settlement of Ascenio's grievance by expressing his appreciation of her work, assigning some of her work to other departments, and assigning someone to cover her work on her break and lunch hour. See Valdez Aff. at 3, ¶ 10; Ascenio Aff.Exh. 4 at 2.

Plaintiff Richard Velez ("Velez") worked as a porter-handyman at SBMHC from 1990 to 1992. On June 11, 1991, Velez received a warning notice for failure to follow a supervisor's instructions. See Velez Aff.Exh 1A at 7. On June 14, 1992, he received a second warning notice for essentially the same violation. See Id. at 6. Assisted by Weeks, Velez grieved his two warning notices and requested that they be removed from his personnel file. For at least ten years it has been the union's practice and policy to refrain from submitting warning notices to arbitration. See Valdez Aff. at 4, ¶ 13. This policy is based on a balancing of the expense of arbitration with the low probability of winning such cases and the lack of any real damage flowing from the warning notices. See id. Consistent with its policy, the Defendant un-

---

1. Weeks is also a plaintiff in this action.

ion did not submit Velez's grievance to arbitration. *See id.* at ¶ 14.

Plaintiff Weeks was employed by SBMHC as a case supervisor from May, 1965 through August, 1991. Weeks was absent on three consecutive work days in October, 1991, but refused to comply with management's request for proof of illness pursuant to Article VII[2] of the union's collective bargaining agreement. As a result, SBMHC docked him for three days' pay. Weeks grieved management's actions and lost. *See* Weeks' Aff.Exh. 1B at 1. In May, 1991, Weeks was again absent from work for three consecutive days and again refused management's request for proof of illness. SBMHC docked Weeks for three days pay. Weeks grieved this decision claiming that Article VII only required proof of illness after four consecutive days of absence. Management denied Weeks' grievance and Weeks asked the union to submit his grievance to arbitration. *See* Weeks Aff.Exh. 6 at 1.

Valdez concluded that Weeks' interpretation of Article VII could not be supported by the history of the collective bargaining agreement and would not be sustained in arbitration. *See* Valdez Aff. at 5, ¶¶ 17–20. Thus, the Defendant declined to submit Weeks' grievance to arbitration. *Id.* at 6, ¶ 21.

Plaintiff Paul Beckford ("Beckford") was employed by SBMHC as an activities therapist from September 1989 to September 1991. On September 12, 1991, Beckford was terminated by SBMHC for poor job performance and inappropriate behavior. *See* Beckford Aff.Exh. 3 at 1. Beckford grieved his termination, and his grievance was denied by SBMHC. Beckford's grievance was reviewed by union organizer Marcia Nembhard and by Valdez. It was determined that the grievance was not meritorious and should not be submitted to arbitration. *See* Valdez Aff. at 6, ¶¶ 23–24.

The Defendant decided not to submit Beckford's grievance to arbitration for several reasons: in less than two years Beckford had received ten warning notices; in March of 1991, SBMHC suspended Beckford for poor job performance for five days, and put him on notice for sixty days; Beckford was a short term employee; and, Beckford had falsified his employment application by stating that he had a bachelor's degree. *See* Beckford Aff.Exh. 2, at 1–2.

Plaintiff David Rodriguez ("Rodriguez") was hired by SBMHC as an assistant counselor in 1988 and was terminated September 1, 1989. Rodriguez grieved his termination. His grievance was submitted to arbitration by the Defendant. The grievance was dismissed over the union's objections, however, when after three prior adjournments, Rodriguez failed to appear at the fourth hearing. *See* Rodriguez Aff.Exh. 1, at 1–2. Rodriguez claims that the Defendant failed to notify him of the fourth meeting and that this failure constituted a violation of their duty of fair representation.

## SUMMARY JUDGMENT

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). When deciding a motion for summary judgment, a court " 'must resolve all ambiguities and inferences ... in the light most favorable to the party opposing the motion.' " *Shockley v. Vermont State Colleges,* 793 F.2d 478, 481 (2d Cir.1986) (citations omitted).

The moving party bears the initial burden of demonstrating that there exists no material issue of fact and that he or she is entitled to judgment as a matter of law. *Brady v. Town of Colchester,* 863 F.2d 205, 210 (2d Cir.1988). The movant may carry her burden by demonstrating the absence of evidence to support the non-movant's claims. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Motions for summary judgment must be denied if reasonable minds could differ as to the importance of the evidence

---

**2.** Article VII of the collective bargaining agreement states: "The employer may require proof of illness hereunder after three (3) consecutive days' absence, or if there is a pattern of abuse." Defendant's 3(g) Statement at ¶ 30.

and if " 'there is any evidence in the record from any source from which a reasonable inference in the [nonmoving party's] favor may be drawn....' " *Brady*, 863 F.2d at 210. However, when the moving party has met its burden under rule 56(c) of the Federal Rules of Civil Procedure, a nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Electric v. Zenith Radio, Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986), and if no rational fact finder could find in the non-movant's favor, there is no genuine issue of material fact, and summary judgment is appropriate. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986).

## DISCUSSION

### A. Duty of Fair Representation

■ The Supreme Court has stated that a union breaches its duty of fair representation when its actions are "arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes*, 386 U.S. 171, 188, 87 S.Ct. 903, 916, 17 L.Ed.2d 842 (1967). This rule "applies to all union activity, . . . [and] a union's actions are arbitrary only if . . . the union's behavior is so far outside a 'wide range of reasonableness' as to be irrational." *Air Line Pilots Ass'n, Intern. v. O'Neill*, 499 U.S. 65, 67, 111 S.Ct. 1127, 1130, 113 L.Ed.2d 51 (1991), *quoting Ford Motor Co. v. Huffman*, 345 U.S. 330, 337, 73 S.Ct. 681, 686, 97 L.Ed. 1048 (1953). A union "may not arbitrarily ignore a meritorious grievance or process it in a perfunctory fashion." *Vaca*, 386 U.S. at 190, 87 S.Ct. at 917.

■ The Defendant is given discretion in deciding what grievances to submit to arbitration. *See Gold v. Local Union No. 888, U.F.C.W.*, 758 F.Supp. 205, 207 (S.D.N.Y.1991) (a union member has no absolute right to have his or her grievance taken to arbitration). Each grievance arbitrated costs Defendant's members approximately $3000. *See* Valdez Aff. at ¶ 6. It is therefore prudent on the part of the Defendant not to submit to arbitration those claims that are meritless or that it believes have little or no chance of success. The Defendant has

adequately demonstrated that its decisions not to submit Plaintiffs' grievances to arbitration were not arbitrary, discriminatory, or in bad faith. Moreover, "[i]n a duty of fair representation case, it is not enough to question the union's wisdom in not proceeding to arbitration." *Helmer v. Briody*, 721 F.Supp. 498, 504 (S.D.N.Y.1989).

Ascenio's grievance identified no facts demonstrating that the collective bargaining agreement was breached. Any additional work required of Ascenio was neither of a different classification, nor did it require her to work any additional hours or during her breaks. Further, in an effort to appease Ascenio, the Defendant was able to secure certain concessions to alleviate her workload. Ascenio has not offered any evidence to demonstrate that the Defendant acted outside a wide range of reasonableness by refusing to submit her grievance to arbitration.

Similarly, Plaintiff Velez has failed to demonstrate that the Defendant's decision not to arbitrate his grievance was irrational. The Defendant has a long standing policy of not arbitrating grievances over warning notices because of the expense of arbitration combined with the low rate of success for warning-notice grievances. The Defendant's decision not to arbitrate Velez's grievance was based on the sound determination that union members' money would not be wisely spent pursuing arbitration every time SBMHC handed out a warning notice. This policy can hardly be considered arbitrary.

Nor did Weeks offer any evidence to demonstrate that the Defendant's decision not to arbitrate his grievance was arbitrary or outside a wide range of reasonableness. Weeks' interpretation of Article VII had twice been denied by SBMHC and was not shared by the union itself. Valdez, one of the union members present at the negotiation of the collective bargaining agreement when Article VII had been introduced, stated that Weeks' interpretation was incorrect and unsustainable. In light of the Defendant's belief that Weeks' interpretation of Article VII was manifestly incorrect, it was quite reasonable for the Defendant to deny his request for arbitration.

■ Beckford had a long history of trouble at SBMHC in the short time that he was employed there. He had been suspended, put on notice for poor job performance, and had falsified his employment application. With these facts in mind, the Defendant was certainly justified in believing that arbitrating the propriety of his termination was pointless. It is within the discretion accorded to unions to choose not to bear the expense of arbitrating every seemingly baseless grievance that one of its members may have.

In their response, Plaintiffs Ascenio, Velez, Weeks, and Beckford have failed to offer anything more than conclusory statements in support of their claims that the Defendant's actions were arbitrary. "In order to survive a summary judgment motion, the plaintiff[s] must allege bad faith on the part of the union and must set forth concrete, specific facts from which one can infer a union's hostility, discrimination, bad faith, dishonesty, or arbitrary exercise of discretion. Conclusory allegations, without specifying supporting facts to show a union's lack of good faith, fail to state a valid claim." *Helmer,* 721 F.Supp. at 504, *quoting, Spielmann v. Anchor Motor Freight, Inc.,* 551 F.Supp. 817, 822 (S.D.N.Y. 1982). Applying this standard, the Plaintiffs have failed to allege sufficiently concrete facts to defeat Defendant's motion for summary judgment.

Plaintiff Rodriguez did have his grievance submitted to arbitration by the Defendant, but claims that the Defendant breached its duty of fair representation by failing to notify him of a rescheduled hearing date. In support of its motion for summary judgment, Defendant has offered evidence to prove that it made a good faith effort to notify Rodriguez about the rescheduled hearing, including confirmations of mailgrams sent to both Rodriguez and Weeks, notifying them of the hearing date. By contrast, Rodriguez has not shown that he missed the meeting for any reason other than his own carelessness. Like the other Plaintiffs, Rodriguez has failed to allege facts from which this Court could reasonably infer that the Defendant handled his grievance in an arbitrary fashion or acted on an irrational consideration.

**B. Breach of Union Constitution**

■ Plaintiffs also rely on an alternative ground to sustain their claims for damages against the Defendant. Article IX, Section 7(b) of the union's constitution states: "Whenever an organizer and/or officer ... decides that there is not [sic] basis for arbitration, the organizer and/or officer in charge shall immediately advise the employee, in writing, of his or her right to appeal this decision to the Chapter and/or Area Board." Plaintiffs claim that the Defendant failed to notify the four Plaintiffs [3] of their right to appeal its decision not to arbitrate their grievances. *See* Defendant's 3(g) Statement at ¶ 72; Plaintiff's Memorandum of Law at 16. Plaintiffs claim, and Defendant concedes, that this was a breach of the union's constitution.

■ Under New York Law, "A union's constitution and by-laws constitute a contract between the union and its members...." *Ballas v. McKiernan,* 41 A.D.2d 131, 341 N.Y.S.2d 520, 522 (1973), *aff'd,* 35 N.Y.2d 14, 358 N.Y.S.2d 695, 315 N.E.2d 758, *cert. denied,* 419 U.S. 1034, 95 S.Ct. 517, 42 L.Ed.2d 309 (1974). Plaintiffs' breach of Constitution claim is, therefore, considered as a breach of contract claim. When a Plaintiff can prove that a breach of contract has occurred he has a right to be placed in the same economic position he would have been in had the contract been fully performed. *See Bausch & Lomb Inc. v. Bressler,* 977 F.2d 720, 728–29 (2d Cir.1992); *Wallace Steel v. Ingersoll–Rand Co.,* 739 F.2d 112, 115 (2d Cir.1984).

Plaintiffs have failed to offer any factual evidence demonstrating that they have suffered actual damages. Nowhere in their submissions do Plaintiffs contend that they would have prevailed had their grievances been submitted to arbitration. In fact, Plaintiffs acknowledge that they were aware of their appeal rights under the union constitution and elected not to pursue an appeal in lieu of lodging a complaint against the Defendant pursuant to Article IX Section 6(b) of the union constitution. *See* Plaintiffs' Memorandum of Law at 16. Lastly, the Defendant

---

**3.** Richard Weeks, Richard Velez, Carmen Ascenio, Paul Beckford.

stands ready to convene a review panel at a time and place convenient for Plaintiffs. *See* Defendant's Memorandum of Law at 21.

The Defendant has, however, admitted to breaching its contract with its members by not following the requirements of Article VII and, therefore, Plaintiffs are entitled to nominal damages. "It is a well settled tenet of contract law that even if the breach of contract caused no loss ... the injured party is entitled to recover as nominal damages a small sum fixed without regard to the amount of the loss, if any." *Mermaid Neptune Development Corp. v. Home Owners Warranty Corp.*, 1988 WL 45653 at *4 (S.D.N.Y.1988), *quoting, Hirsch Elec. Co. v. Community Services, Inc.*, 145 A.D.2d 603, 536 N.Y.S.2d 141, 143 (2d Dep't 1988).

Therefore, since a breach occurred, Defendant's motion for summary judgment on this claim is denied. However, as Plaintiffs are unable to prove any legally cognizable damages stemming from the breach, they are limited to an award of nominal damages in the amount of $1.00 each.

■ As to Plaintiffs' claim for emotional distress and punitive damages, they are without merit. "Emotional and mental distress is generally not compensable in a breach of contract action." *Marcella v. ARP Films, Inc.*, 778 F.2d 112, 119 (2d Cir.1985). This same rule has been held to apply even when the breach was in bad faith. *See Geler v. National Westminster Bank U.S.A.*, 770 F.Supp. 210, 215 (S.D.N.Y.1991). In addition, punitive damages are not recoverable for breach of contract unless the conduct constituting the breach is also a tort for which punitive damages are also recoverable. *See IBEW v. Foust*, 442 U.S. 42, 99 S.Ct. 2121, 60 L.Ed.2d 698 (1979); *Thyssen, Inc. v. S.S. Fortune Star*, 777 F.2d 57, 63 (2d Cir. 1985); *see also* Restatement (Second) of Contracts § 355. Thus, as a matter of law, Plaintiffs cannot recover punitive damages or damages for any alleged emotional distress resulting from the breach.

*C. 29 U.S.C. § 411*

■ In their final cause of action, Plaintiffs claim that the Defendant's actions violated 29 U.S.C. § 411. This claim is also without merit. This chapter of the code "is designed to guarantee every union member equal rights to vote and participate in union decisions free from restrictions on speech, assembly, and protection from improper union discipline." 29 U.S.C. § 411 *et seq.; see also Phelan v. Plumbers Local 305*, 973 F.2d 1050, 1055–56 (2d Cir.1992). The facts as alleged by Plaintiffs fail to demonstrate a violation of any aspect of 29 U.S.C. § 411. Defendant's motion for summary judgment as to this cause of action is therefore granted.

### CONCLUSION

Based on a review of the entire record, Defendant's motion for summary judgment as to the duty of fair representation claim and the claim based on 29 U.S.C. § 411 is hereby granted. Defendant's motion for summary judgment as to the breach of the union's constitution claim is denied and Plaintiffs Richard Weeks, Richard Velez, Carmen Ascenio and Paul Beckford are awarded nominal damages in the amount of $1.00 each.

SO ORDERED.