OPINION OF THE COURT
Thomas F. Whelan, J.
Ordered that this motion (No. 001) by defendant The Travelers Companies, Ins., sued herein as Travelers Indemnity Company of Connecticut, for dismissal of the third and fifth causes of action in the complaint and the plaintiffs demand for recovery of attorneys fees together with a severance of the remaining claim against the moving defendant is considered under CPLR 3211 (a) (7) and 603 and is granted to the extent set forth below.
The plaintiff, a general contractor for a job at the SUNY Maritime College in the Bronx, New York, commenced this action to recover $300,000 in damages allegedly attributable to actionable conduct on the part of defendant, Evolution Piping Corp. (Evolution), who performed work for the plaintiff under the terms of a subcontract. The plaintiff charges defendant Evolution with breach of the subcontract and negligence while testing a sprinkler system at the job site during which water damage was sustained to one or more buildings and several electrical panels.
The plaintiff charges moving defendant, The Travelers Companies, sued herein as Travelers Indemnity Company of Connecticut (Travelers), with breach of an insurance policy issued to defendant Evolution which afforded coverage to the plaintiff as an additional insured (see complaint, fourth cause of action). The plaintiff also seeks recovery of damages from defendant Travelers by reason of its purported breach of the implied covenant of good faith and fair dealing and with li *546 ability due to its bad faith denial of coverage to the plaintiff and other acts allegedly constituting breaches of fiduciary obligations to the plaintiff (see complaint, fifth cause of action).
By the instant motion (No. 001), defendant Travelers seeks dismissal of the plaintiffs third and fifth causes of action due to legal insufficiency. It further seeks a severance of the plaintiffs fourth cause of action from those interposed against defendant, Evolution, on the grounds that the joint trial of such claims would be prejudicial to the moving defendant, Travelers. The motion is opposed by the plaintiff, to which the moving defendant has replied. For the reasons set forth below, the motion is granted to the extent that the third and fifth causes of action advanced in the plaintiffs complaint are dismissed. The severance requested by the moving defendant is denied with leave to renew once this action has been certified as trial ready by the filing of a note of issue.
On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court must liberally construe the complaint, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Rabos v R&R Bagels & Bakery, Inc., 100 AD3d 849, 851 [2d Dept 2012]). Where a party offers evidentiary proof on a motion pursuant to CPLR 3211 (a) (7), and such proof is considered but the motion has not been converted to one for summary judgment, “the criterion is whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one” (Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]; see Minovici v Belkin BV, 109 AD3d 520 [2d Dept 2013]; Bua v Purcell & Ingrao, P.C., 99 AD3d 843 [2d Dept 2012]; Jannetti v Whelan, 97 AD3d 797 [2d Dept 2012]; Bokhour v GTI Retail Holdings, Inc., 94 AD3d 682 [2d Dept 2012]).
It is well established that “[a] tort obligation is a duty imposed by law to avoid causing injury to others. It is ‘apart from and independent of promises made and therefore apart from the manifested intention of the parties’ to a contract” (New York Univ. v Continental Ins. Co., 87 NY2d 308, 316 [1995], quoting Prosser & Keeton, Torts § 92 at 655 [5th ed]). A defendant may thus be liable in tort when it has breached a duty of reasonable care distinct from its contractual obligations, or when it has engaged in tortious conduct separate and apart from its failure to fulfill its contractual obligations (id.). The *547 very nature of a contractual obligation, and the public interest in seeing it performed with reasonable care, may give rise to a duty of reasonable care in performance of the contract obligations, and the breach of that independent duty will give rise to a tort claim (id., citing Sommer v Federal Signal Corp., 79 NY2d 540 [1992]).
Accordingly, if a contracting party engages in conduct outside the contract with the aim of defeating the contract, such conduct is extra-contractual and may support an independent tort claim (id., citing North Shore Bottling Co. v Schmidt & Sons, 22 NY2d 171, 179 [1968]; Rich v New York Cent. & Hudson Riv. R.R. Co., 87 NY 382 [1882]). A claim of this type may sound in fraud, a breach of fiduciary duties or tortious interference with contractual relations (see European Am. Bank v Mr. Wemmick, Ltd., 160 AD2d 905 [2d Dept 1990]).
Distinguishable are claims premised upon a breach of the covenant of good faith and fair dealing which the law of this state imposes upon all contracting parties. This covenant mandates that none of such parties “shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract” (511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 153, 153 [2002]). “This covenant is breached when a party to a contract acts in a manner that, although not expressly forbidden by any contractual provision, would deprive the other party of the right to receive the benefits under their agreement” (Aventine Inv. Mgt. v Canadian Imperial Bank of Commerce, 265 AD2d 513, 514 [2d Dept 1999]).
A claim for breach of the implied covenant of good faith and fair dealing is generally actionable only where wrongs independent of the express terms of the contract are asserted and demands for the recovery of separate damages not intertwined with the damages resulting from a breach of a contract are advanced (see Elmhurst Dairy, Inc. v Bartlett Dairy, Inc., 97 AD3d 781 [2d Dept 2012]; Refreshment Mgt. Servs., Corp. v Complete Off. Supply Warehouse Corp., 89 AD3d 913 [2d Dept 2011]; MBIA Ins. Corp. v Countrywide Home Loans, Inc., 87 AD3d 287 [1st Dept 2011]; MBIA Ins. Corp. v Merrill Lynch, 81 AD3d 419, 420 [1st Dept 2011]). Where a contractual party is merely seeking to reap the benefits of its contractual bargain, the implied covenant breach claim will not lie (New York Univ. v Continental Ins. Co., 87 NY2d 308 [1995], supra, citing Sommer v Federal Signal Corp., 79 NY2d at 552; Bellevue S. Assoc. v HRH Constr. Corp., 78 NY2d 282, 293-295 [1991]), as it is *548 considered duplicative of the breach of contract claim (see Refreshment Mgt. Servs., Corp. v Complete Off. Supply Warehouse Corp., 89 AD3d 913 [2011], supra; Baer v Complete Off. Supply Warehouse Corp., 89 AD3d 877 [2d Dept 2011]).
Federal appellate authorities have long held that a breach of the implied duty of good faith is “a breach of the underlying contract” (Fasolino Foods Co., Inc. v Banca Nazionale del Lavoro, 961 F2d 1052, 1056 [2d Cir 1992]; see also Fishoff v Coty Inc., 634 F3d 647, 653 [2d Cir 2011] [“A breach of the duty of good faith and fair dealing is considered a breach of contract”]). There is however, recognition of authority to the contrary (see Geler v National Westminster Bank USA, 770 F Supp 210, 215 [SD NY 1991]).
The Court of Appeals has held that in first-party insurance coverage cases, a viable cause of action sounding in contract could be maintained for “extra-contractual damages” that arise from an insurer’s bad faith denial of coverage to its insured (see Sukup v State of New York, 19 NY2d 519 [1967]). To prevail on such a claim requires “more than an arguable difference of opinion between carrier and insured over coverage to impose an extra-contractual liability for legal expenses in a controversy of this kind” as “a showing of such bad faith in denying coverage that no reasonable carrier would, under the given facts, be expected to assert it” (id. at 522). Such a claim sounds in contract rather than in tort and it is clearly distinguishable from bad faith claims by an insured against its insurer where such insurer refuses to settle a claim against the insured within the policy limits thereby exposing the insured to liability over the policy limits (id. at 520, 523; see Pavia v State Farm Mut. Auto. Ins. Co., 82 NY2d 445 [1993]; DiBlasi v Aetna Life & Cas. Ins. Co., 147 AD2d 93 [2d Dept 1989]).
In Rocanova v Equitable Life Assur. Socy. of U.S. (83 NY2d 603 [1994]) and in New York Univ. v Continental Ins. Co. (87 NY2d 308 [1995], supra), the Court of Appeals rejected the argument that a bad faith failure by an insurer to pay a claim is, without more, actionable in tort so as to justify a punitive damages award. Punitive damages were found not to be available for breach of an insurance contract unless the plaintiff shows both “egregious tortious conduct” directed at the insured claimant and “a pattern of similar conduct directed at the public generally” (id. at 316, citing Rocanova, 83 NY2d at 613; see also Dinstber v Allstate Ins. Co., 110 AD3d 1410, 1411 [3d Dept 2013] [“(w)here a lawsuit has its genesis in the contractual re *549 lationship between the parties, the threshold task for a court considering (a) defendant’s motion to dismiss a cause of action for punitive damages is to identify a tort independent of the contract. In this regard, a defendant may be liable in tort when it has breached a duty of reasonable care distinct from its contractual obligations, or when it has engaged in tortious conduct separate and apart from its failure to fulfill its contractual obligations. Nonetheless, where a party is merely seeking to enforce its bargain, a tort claim will not lie” (citations and internal quotation marks omitted)]).
More recent appellate pronouncements, while not abandoning this tortious conduct/punitive damages approach, have refocused upon the earlier contract analysis set forth by the Court of Appeals in Sukup v State of New York (19 NY2d 519 [1967], supra). In two cases decided on February 19, 2008 the Court of Appeals recognized a claim for consequential damages that equates a bad faith denial of coverage to an insured as a breach by the insurer of the implied covenant of good faith and fair dealing in an insurance contract (see Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y., 10 NY3d 187, 193-194 [2008]; Panasia Estates, Inc. v Hudson Ins. Co., 10 NY3d 200, 203 [2008]). The damages recoverable upon claims of this sort go beyond the litigation costs recoverable by the insured in a bad faith claim as these consequential damages extend to all that “were within the contemplation of the parties as the probable result of a breach at the time of or prior to contracting” (id. at 203 [“consequential damages resulting from a breach of the covenant of good faith and fair dealing may be asserted in an insurance contract context, so long as the damages were within the contemplation of the parties as the probable result of a breach at the time of or prior to contracting” (internal quotation marks omitted)]; see also Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y., 10 NY3d 187, 193-194 [2008], supra [consequential damages are “designed to compensate a party for reasonably foreseeable damages, must be proximately caused by the breach and must be proven by the party seeking them” (internal quotation marks omitted)]). These cases involved a business interruption policy and a commercial liability policy and the Court of Appeals therein classified the insured’s claims for recovery from its insurer due to its denial of coverage as a breach of the implied covenant of good faith and fair dealing that was compensable rmder the law of contract rather than tort (see id. at 195). The Court went on to hold that an insurer who breaches the implied *550 covenant of good faith and fair dealing may thus be liable for consequential damages which exceed the policy limits without a showing of the elements necessary to make out an independent basis for liability in tort (see Panasia Estates, Inc. v Hudson Ins. Co., 10 NY3d 200 [2008], supra; Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y., 10 NY3d 187 [2008], supra; see also Acquista v New York Life Ins. Co., 285 AD2d 73 [1st Dept 2001]).
Here, the court finds merit in the moving defendant’s contention that the plaintiffs claims for recovery of consequential damages arising from any breach of the implied covenant of good faith and fair dealing and its claims for recovery of litigation costs, including attorneys fees due to the moving defendant’s alleged bad faith denial of coverage are not actionable and are thus subject to dismissal pursuant to CPLR 3211 (a) (7). Review of the allegations set forth in the complaint reveal that the facts which underlie these claims are the same as those which underlie the plaintiffs breach of contract claim. There are no allegations of independent breaches of tort duties such as fiduciary duties owing to the plaintiff from the moving defendant which would support a breach of fiduciary duties claim or other tort claim.
Nor are there allegations that the plaintiff suffered consequential damages in excess of the two million dollar, per occurrence, policy limits that may have been within the contemplation of the contracting parties as the probable result of a breach at the time of or prior to contracting. In this regard, the court notes that it is implausible for the plaintiff and the moving defendant to have had any mutual contemplations of consequential damages at or prior to the issuance of the policy, since the plaintiff, who is merely an additional insured, did not contract with the moving defendant for coverage. The issue of whether the plaintiff or any other additional insured can successfully ride the contemplations of the direct insured (here—Evolution) and those of its insurer (here—the moving defendant), while one of great interest to the court, has not been put before it by the parties to this motion.
Also dismissed are the plaintiffs claims for recovery of counsel fees from the moving defendant. The moving papers sufficiently established that such fees are not recoverable in this action by the plaintiff, a party seeking coverage against a purported insured (see New York Univ. v Continental Ins. Co., 87 NY2d 308 [1995], supra). Nor are they recoverable from the moving defendant under the terms of the subcontract between the *551 plaintiff and Evolution as the moving defendant is not a party to such contract.
Accordingly, the court grants those portions of this motion wherein the moving defendant seeks dismissal of the plaintiffs third and fifth causes of action and its demands for recovery of attorneys fees.
The court, however, denies the moving defendant’s demands for a severance of the fourth cause of action set forth in the complaint which sounds in breach of the insurance contract by the moving defendant from those remaining which charge defendant Evolution with breach of it subcontract and other actionable conduct on its part. The moving papers failed to demonstrate an entitlement to the severance requested at this stage of the litigation on the grounds of prejudice to the moving defendant. Moreover, the court is unaware of service of an answer on behalf of Evolution in which issue between it and the plaintiff has been joined. The absence of such an answer renders the requested severance application, academic. The court thus denies Traveler’s request for a severance, but such denial is without prejudice to the interposition of a new application for the same relief once this action has been certified as trial ready by the filing of a note of issue.